RECEIVED
SEP 2 2 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY



MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District Western district of Louisiana | |
|---|---|---|
| Name *(under which you were convicted)*: Brian Musomba Maweu | | Docket or Case No.: 10-CR-00319 - 11 |
| Place of Confinement: Pollock USP Louisiana | Prisoner No.: 17362-035 | |
| UNITED STATES OF AMERICA | V. | Movant *(include name under which convicted)* Brian Musomba Maweu |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   United States District Court
   Western District of Louisiana
   Shreveport Division

   (b) Criminal docket or case number (if you know): 10-CR-00319

2. (a) Date of the judgment of conviction (if you know): _____
   (b) Date of sentencing: September 28 2015.

3. Length of sentence: Life

4. Nature of crime (all counts):
   1) Engaging in a child exploitation enterprise. 18 USC2252A(g)
   2) Conspiracy to advertize the distribution of Child pornography 18 USC2251(d)(1)&(e)
   3) Conspiracy to distribute child pornography. 18USC2252A(a)(2)(A)&(b)(1)

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐ (2) Guilty ☑ (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?
   Engaging in a child exploitation enterprise. 18 USC2252A(g)
   GUILTY

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☑

8. Did you appeal from the judgment of conviction? Yes ☑ No ☐

9. If you did appeal, answer the following:

(a) Name of court: United States court of Appeals for the fifth circuit

(b) Docket or case number (if you know): 15-30897

(c) Result: District courts judgement Affirmed

(d) Date of result (if you know): ______

(e) Citation to the case (if you know): ______

(f) Grounds raised:

The Districts court imposed sentence of life inprisonment is unreasonable, disproportionate to the crime for which it is imposed, and unreasonably disproportionate since similarly-situated defendants recieved lower sentences.

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☑

If "Yes," answer the following:

(1) Docket or case number (if you know): ______

(2) Result: ______

(3) Date of result (if you know): ______

(4) Citation to the case (if you know): ______

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☐ No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised: ______

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ______

(8) Date of result (if you know): ______

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: ______

(2) Docket of case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ______

(8) Date of result (if you know): ______

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Prosecutor mischief/malicious prosecution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Prosecutor colluded, or conspired with other interested parties, to decietfully and maliciously conceal evidence and/or information of alleged sexual molestation on my part, with a view to luring me into the USA under false pretences and introducing such information and/or evidence (e.g forensic or victim statements)after i have signed the plea agreement. Not only does such decietful and malicious concealment indicate credibility issues with such information and/or evidence, but also if such evidence and/or information had been included in the extradition documents i saw in Kenya, i would have contested the extradition and likely won, because the Kenya Government made the same allegations against me in a trial relating to this case, and indicated in my PSI, and in which i was aquitted.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

It relates to violation of extradition treaty, of which treaty was not brought up in sentencing due to misrepresentation of counsel, and so was not in court transcripts as required for direct appeals.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ____________________

Name and location of the court where the motion or petition was filed:

____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available):

____________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Violation of article 7 of the kenya/usa extradition treaty. As concerns to Custody restrictions.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Time spent in louisiana police custody before signing the plea deal, and which was without ever being given opportunity to return to Kenya, was not only due to matters that gave rise to the extradition (i.e indicated in extradition documents i read) but also other matters, dating prior to 2010 and concealed by procecution (i.e left out of extradition documents i read). Such matters, aptly named 'new information' by the PO in my PSI, alleging sexual molestation on my part. It raises questions on the lawfulness of such custody, and the lawfulness or validity of the plea agreement i signed under such conditions, such plea deal also not containing any mention of the 'new information'. My decision not to contest the extradition request (after reading the extradition documents) and the Judges acceptance of my decision is what gave rise to the extradition itself ( and not the extradition request).

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Due to misrepresentation of counsel, it was not brought up in sentencing and therefore was not in the court transcripts as required for the direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______________________

Name and location of the court where the motion or petition was filed:

______________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available):

______________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

______________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available):

______________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

______________________

**GROUND THREE:** Misrepresentation of Counsel.

______________________

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel did not notify me of the district courts intent to 3553 (a) and the details or reasons thereof, rendering me totally unprepared to present a defence both before and during sentencing. I assumed there would be no upward departure because the PO indicated the 'new information' has no effect on the recommended sentence. This misrepresentation of counsel gives rise to the 2255 i make, the details of which i would- havepresented at sentencing if counsel did his job properly.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ] No [✓]

(2) If you did not raise this issue in your direct appeal, explain why:

Direct appeal counsel adviced that the appeal is not the right forum to bring up misrepresentation of counsel.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ] No [✓]

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes [ ] No [ ]

(4) Did you appeal from the denial of your motion, petition, or application?

Yes [ ] No [ ]

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes [ ] No [ ]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

None of the three mentioned grounds have been presented to the 5th circuit of appeals because they were not in the district courts transcripts pertaining to the sentencing hearing.

The 5th circuit of appeals is the only other federal court (aside from the one i was sentenced in and which i present this 2255) that i have had any dealings with since being extradited to the USA in 2014, and with no previous travel to the USA.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing: John F Stroud, III. 515 main st, Texarkana, TX 75501

(b) At the arraignment and plea:
John F Stroud, III, 515 Main st, Texarkana, TX 75501

(c) At the trial:

(d) At sentencing:
John F Stroud, III, 515 Main st, Texarkana, TX75501

(e) On appeal:
Mark David Plaisance, P.O box 796, Thibodaux, LA 70302.

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Revoke the upward departure (3553(a)) and resentence within the recommended 20 to 25 years, with credit for time already served.

or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on September 15th 2016.
(month, date, year)

Executed (signed) on September 15th 2016 (date)

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.