# JOHN F. STROUD, III
### -ATTORNEY AT LAW-
Licensed in Texas and Arkansas

515 MAIN STREET  
POST OFFICE BOX 2484  
TEXARKANA, TEXAS 75504-2484

TELEPHONE (903) 793-3535  
TELECOPIER (903) 793-2655  
E-MAIL jfstroud@cableone.net

## FACSIMILE TRANSMITTAL

TO: Luke Walker @ (337) 262-6682

FROM: John F. Stroud, III

DATE: March 20, 2015

RE: Brian Musomba Maweu a/k/a Catfish

Number of pages (including this page): 18

The signed Plea Agreement, Factual Basis for Plea of Guilty, Affidavit and Elements of the Offense in this matter.



GOVERNMENT EXHIBIT 11



**United States Department of Justice**

*United States Attorney's Office*
*Western District of Louisiana*

*United States Courthouse*　　*United States Courthouse*
*300 Fannin Street, Suite 3201*　*800 Lafayette Street, Suite 2200*
*Shreveport, Louisiana  71101*　*Lafayette, Louisiana  70501*
*Phone: 318-676-3600*　　　*Phone: 337-262-6618*
*Fax:    318-676-3660*　　　 *Fax:    337-262-6682*

June 18, 2015

Amanda M. Barber
U.S. Probation Officer
300 Fannin Street, Suite 2202
Shreveport, LA 71101

RE:   United States v. Brian Musomba Maweu
      Criminal No. 10-CR-00319-011

Dear Ms. Barber:

After review of the Presentence Report in the captioned matter, please be advised that the government has objections.

The United States moves that the following factual allegations be placed in the presentence report. The defendant engaged in a pattern of the molestation of children and producing sexually explicit videos of the sexual exploitation. The children that the defendant molested appeared to all be from the country of Kenya. The defendant had an additional web site that he created called "My African Girls." That web site offered for sale images and videos of the defendant molesting the children from Kenya. The defendant agreed to produce videos of children for the purpose of sale to customers of the "My African Girl" web site. The defendant as part of his participation in the Dreamboard child exploitation enterprise agreed to distribute sexually explicit videos that he had produced to other members of the enterprise.

**GOVERNMENT EXHIBIT 12**

6/22/15

Page 2
June 18, 2015

---

If you have any questions, please do not hesitate to contact me at (337) 262-6618 or (800) 676-6992.

Sincerely,

STEPHANIE A. FINLEY
United States Attorney

By: *[signature]*
JOHN LUKE WALKER
Assistant United States Attorney

JLW:crg

cc:   Mr. John F. Stroud, III, Counsel for Defendant

# JOHN F. STROUD, III
## -ATTORNEY AT LAW-
**Licensed in Texas and Arkansas**

---

**515 MAIN STREET**  
**TEXARKANA, TEXAS 75501**

**TELEPHONE (903) 793-3535**  
**TELECOPIER (903) 793-2655**  
**E-MAIL jfstroud@cableone.net**

June 9, 2015

VIA EMAIL  
Ms. Amanda Barber

    Re:   Brian Musomba Maweu – PSR

Dear Amanda:

I had the opportunity to visit with my client regarding his PSR. He has the following requested changes to report:

1) Paragraph 16: In the second sentence of this paragraph it notes his status was raised to SVIP as a result of the types of posts he made. Brian would like this to reflect that his SVIP status was a result of his providing a foster web space for "Dreamboard" and would reference an August 17, 2009 email between himself and Dasha in support of this.

2) Paragraph 43: Defendant would note that he has poor eyesight and is in desperate need of reading glasses.

Let me know if I can be of any further assistance.

Thank you.

Sincerely yours,

John F. Stroud, III

JFS/rr

GOVERNMENT EXHIBIT 13

13 August 2015.

Hi John,

Hope all is well with you.

Just a quick note requesting if the PSR has been amended. If yes please send me the copy as I would like to see it before the hearing on Sept 3rd.

Best regards

Brian Musomba.



8/19/15

# JOHN F. STROUD, III
### -ATTORNEY AT LAW-
#### Licensed in Texas and Arkansas

**515 MAIN STREET**  
**TEXARKANA, TEXAS 75501**

TELEPHONE (903) 793-3535  
TELECOPIER (903) 793-2655  
E-MAIL jfstroud@cableone.net

September 8, 2015

Brian Musomba #75611  
2984 Old Plain Road/C3  
Plain Dealing, LA 71064

Re: USA v. Maweu

Dear Brian:

The U.S. Attorney had a trial that took longer then originally planned.

You have been reset for sentencing on September 28, 2015 at 1:30 p.m.

Sincerely yours,

John F. Stroud, III

JFS/rr



GOVERNMENT EXHIBIT 15

**GOVERNMENT EXHIBIT 16**

9/22/15

19th ~~August~~ September 2015

Hi John.

Hope all is well with you. It is noted that the Prosecutor has postponed my sentencing hearing date twice. I also note that in the PSR he requested inclusion of details outside of the charges. He wanted mention of My African Girls and alleges I sexually molested the girls.

My experience with Kenyan courts is that a hearing date is set upon agreement between the Judge, defence counsel and Prosecutor. Each will check their diaries to confirm the date is such that all will be free. The Prosecutor has presented himself as highly professional so. It would be expected that the first sentencing date was available for him to be present. Should anything have turned up after that date was set, he should have declined to use the agreed date because it was marked for my sentencing hearing. He has demonstrated an unprofessional failure to do so. Secondly I recall in a meeting we had with the prosecutor here in Bossier medium, he said one of the benefits of entering a plea deal of guilty would be that the Judge would not have to know what I am really like. Strangely enough he goes ahead to include details which do the exact opposite. He goes on about My African Girls and my molesting of girls in the video so that the Judge can have the opportunity to view them.

PTO.

I get the impression he, the prosecutor is upset that I have not accepted his offer to be a witness should he catch anybody else. I do not believe the delay in my sentencing hearing is because he has other commitments. I believe he is trying to pressure me into cooperating with his wishes.

May I state that I have no intention of cooperating any more than I have done already. This is not only because I believe the prosecutor cannot be trusted (as demonstrated in the way he has handled the PSR and the sentencing dates), but also because I stopped dwelling on this matter back in 2010 and moved on. I am here only because the US Government introduced laws that in my opinion constitute an abuse of its superpower status. I am reliably informed that Louisiana is a poor state and its economy depends on agriculture and prisons. Its no doubt very profitable to have laws that enable them to imprison people who have never set foot in America.

If what I believe about the prosecutor is true then tell him he is wasting his time. I await my sentencing and am prepared to serve whatever time I get. This country has destroyed everything I ever had in Kenya so I have nothing to loose, and it can do no better.

Yours Sincerely,

Bren

GOVERNMENT EXHIBIT 17

## ALLOCUTION

Dear Sir,

The sex offenses act of 2006, a copy of which can be downloaded from the internet by googling the word's "Kenya Sex Offenses Act 2006, requires that penetration of a girls genitals in order for a sex offense to occur. This is a law under which child pornography is prosecuted.

I faced such prosecution in 2010 over evidence provided by the American team investigating "dream board," and items found in my house. I was acquitted in 2012 by a Kenyan Court.

In America, a sex offense of child pornography requires only a display of genitals. No penetration is required. What is legal in Kenya is illegal in America. My conduct in Kenya was calibrated to be within the legal limits of the law of Kenya at the time of the alleged offense.

I state in all truth and honesty, that I an innocent by the laws of Kenya, a country in which I am citizen and was resident in for the duration of the alleged offenses. I was vindicated by the Justice Department of Kenya. I now stand before this Court more as a prisoner of war between the Kenyan judiciary and the American judiciary over what constitutes the offense of child pornography. I am a prisoner of war of a foreign country in which I have not had the privilege of its protection, nourishment or even financial and employment advantages. I am not a beneficiary of its wars, its educational systems or any of its quality of livelihood such that breaking of its laws would be fairly construed as worthy of punishment under its very harsh laws. None of my videos involved American children.

Although the prosecutor stated "ignorance is no excuse", as a reply to my statement about being unaware of the law under which I am charged, one must ask, in all fairness, which laws should apply? The ones of the country I am resident in at the time of the offenses or a foreign countries laws that apply because of some unknown citizen of that country participated without my knowledge?, especially when that law makes a felon out of every parent in the world. Lascivious display of genitals is a very amorphous statement that can mean different things to different people, and is so explained with many vague words in feeble effort to give clarity to an American jury. Everybody knows that porn must involve sexual intercourse.

When sentences of 20 years minimum are involved, and due to the nature of the world wide web, which the USA has, by virtue of the wording of its child pornography law, claimed complete jurisdiction. This lack of clarity of constitutes child pornography makes the statement "ignorance of law is no excuse" an act of tyranny instead of the justice it is expected to represent. A law that is expected to apply to all countries must be exactly in agreement by wording in all countries. Only then can we talk of justice being served by the conviction of a defendant who

broke such a law in a country other than which he committed the offense.

My guilty plea was an act of surrender. A waving of the white flag, as I lacked the resources to fight even the extradition. I had already quit dealing in child erotica in 2010, when it became clear that the USA can influence the Kenyan Government. That was a good 4 year before I became aware of the extradition request by the USA so I can stand trial there. Any corrective intent of this matter I have faced is therefore redundant and in fact quite the opposite.

I did what I did because I was jobless at the time and had no way to earn a living due to the state of Kenya's economy in early 2000. When I did eventually get a job, I continued because the women got the children and the children themselves needed the money.

The ages of those in the evidence presented were at least 12 years old. I agreed to join "dream broad" after being invited by people who had seen my videos. It was a failed attempt at getting more customers. I later got a senior position at dream broad not because of the volume of my posts but because I gave them access to the control panel of my webspace, which meant a faster connection for the dreambroad website and virtually no downtime because of its huge bandwidth allowance. I was never given administrative rights of dreambroad itself, nor did any member of dreambroad buy any of my videos. The actual setting up of dreambroad on my webspace was done entirely by its administrators and even after they finished it, I checked separately to see if there were any files on my webspace, via the control panel, to indicate dreambroad was being hosted there but failed to find any. I concluded they likely set up my webspace as a proxy. I could see the traffic but not the website itself. This transfer of dreambroad from a free server to a paid server occurred in 2010, so in the period the alleged offenses occurred, Dreambroad was not even in America as alleged. There are other abnormalities in the evidence provided by U.S. law enforcement that suggest the law gave more scope than they were able to investigate with the due diligence becoming of a case of such seriousness. For example, the Hard Disk Drive they allege to be from my computer was not even in use at the time of the offenses, yet they have presented its contents as evidence. They actually came to Kenya 6 months into my trial and checked only 2 of the 7 computers in the network concerned; clearly enough time for any forensic evidence to be compromised. When you consider that a bookmark for a website is on the desktop of windows, and clicking on it automatically opens the site, and logs in, the screen name "Catfish" becomes available for use by whoever is using that computer, and I was not the only one, because the nature of my work involved me being out of office and even the computer manager would not know who used what computer at what time as his role was also the storekeeper and spent virtually all his time in the basement checking stock and processing orders. Yet, statements were taken from him by

the Kenyan law enforcement team, and his opinions were no doubt taken seriously by the U.S. law enforcement team that came to Kenya.

However, I lacked the resources to fight this both in the extradition hearing in Kenya and this trial I face in the USA, hence my surrender and acceptance of responsibility for getting tangled in this U.S. law.

To summarize therefore I wish this court to consider the following when sentencing:

1. The files I made were within the laws of Kenya; therefore posting them online did not constitute an offense. I have no recollection if I was the one who posted them but I take responsibility because I lack the resources to fight the case by hiring a defense lawyer, and because I did get tangled up in a tyrannical U.S. law by participating in Dreambroad.
2. By virtue of above I am more of a prisoner of war between the U.S. and Kenyan justice over what constitutes a child porn offense.
3. I am being subject to U.S. justice without the benefit of U.S. privilege of better employment opportunities.
4. I stopped child erotica activities in 2010 when I learned that U.S. has influence over Kenya 4 years before I learned of the extradition request by the USA. Corrective intent it redundant.
5. There is a clash of culture, between African and American values. Child nudity and concubinage is not uncommon in Africa but is clearly taboo in America.

Thus ends my statement. I leave it to my Jesus who is God incarnate to decided my fate. I am certain that if I had followed him more closely, all these matters would have been avoided.

From Brian Mushimba #75611
2984 Old Plain Road /C3
Plain dealing LA 71064.

Dear John,

Thank you for your reply to my letter. I got the copies but the print was faded in some parts. Also I cannot see the sections and chapters I asked for.

The reason I am requesting them is because I need to know the exact wording of the law I have broken, including the relevant sections and chapters.

Note I was not aware the servers were in the USA, also the statements about knowingly transporting interstate or foreign commerce may not have the intended meaning if committed by a Non American outside of the USA. I will only plead guilty to charges which the detail of the law has been violated by me.

Also there were other questions I asked which have not been answered. Please note the enclosed letter.

Looking forward to your reply and meeting to sort this out.

Regards
Brian

P/S I think the Bossier people put the wrong address about you.

GOVERNMENT EXHIBIT 18

12/1/14

Brian Musomba Mawen #7561
C-3
2984 Old Plain Dealing Rd.
Plain Dealing, La. 71064

Wiener, Weiss & Madison
Attn: Mr. Marty Stroud
333 Texas St. suite 2350
Shreveport, La. 71120-1990

Re: Advice and copies of pertinent case related statutes

Dear Mr. Stroud:

After our recent meeting with the prosecutor and his team at the administration office of Bossier Medium Security, I have several issues which I hope you will assist me with.

1. I came to the United States to plead, however I am not familiar with U.S. law. Can you please send me copies of the following: Section 1591 and § 120. Chapter 109A, 110, and 117. All of this material is related to Title 18 USC § 2252A (g).
2. I have no previous convictions in Kenya or in the United States. In fact, this is my first time in the United States, so, how and why should background checks apply?
3. How will a probation officer be relevant if I am to be deported back to Kenya after serving my time?
4. I have told the prosecutor and his team all I know. I hope the next meeting will dwell on what they have to offer and what I will plead guilty to. I will not be able to give more information on any other matters as I don't have any else to give and in any case, I don't have any commitment from the prosecution that there will be any "best possible deal". I hope you will advise me on this matter.

In kind regard, I remain;

*Sincerely yours,*

_____
*Brian M. Mawen*

Ps: Please note I am suffering American justice without having had the opportunity to benefit American privilege in terms of job opportunities. I think this should to be taken into account.

12.17

Hi John.

Pleasure meeting with you yesterday. I had a look at the documents you brought. They concern counts 2 and 3. The document for count (2252 A(g)) was not included.

Can you please send it over or come with it in the next meeting? Please also get any evidence the prosecutor has about when and where the dreamboard first appeared on the american based servers they refer to as certified hosting solutions as I have reason to believe they wrongly think Dreamboard was hosted there since 2008.

I have written this on the back of the letter I wrote requesting for 2252 A(g). Please also include the relevant chapters as I intend to be sure they got things right about Count 1.

Thanks

Brian Musonda.



GOVERNMENT EXHIBIT
19

Brian Musomba Mawen #7561
C-3
2984 Old Plain Dealing Rd.
Plain Dealing, La. 71064

Wiener, Weiss & Madison
Attn: Mr. Marty Stroud
333 Texas St. suite 2350
Shreveport, La. 71120-1990

**Re: Advice and copies of pertinent case related statutes**

Dear Mr. Stroud:

After our recent meeting with the prosecutor and his team at the administration office of Bossier Medium Security, I have several issues which I hope you will assist me with.

1. I came to the United States to plead, however I am not familiar with U.S. law. Can you please send me copies of the following: Section 1591 and § 120. Chapter 109A, 110, and 117. All of this material is related to Title 18 USC § 2252A (g).

2. I have no previous convictions in Kenya or in the United States. In fact, this is my first time in the United States, so, how and why should background checks apply?

3. How will a probation officer be relevant if I am to be deported back to Kenya after serving my time?

4. I have told the prosecutor and his team all I know. I hope the next meeting will dwell on what they have to offer and what I will plead guilty to. I will not be able to give more information on any other matters as I don't have any else to give and in any case, I don't have any commitment from the prosecution that there will be any "best possible deal". I hope you will advise me on this matter.

In kind regard, I remain;

Sincerely yours,

Brian M. Mawen

*Please Also turn over.*

Ps: Please note I am suffering American justice without having had the opportunity to benefit American privilege in terms of job opportunities. I think this should to be taken into account.

1/2/15            16th Jan 2015.

Hi John.

Please find below my understanding on the case against me, and what I would like to plead.

- ① I was not in the United States, or a citizen of the United States at any time Dreamboard was active.
- ② Dreamboard was not hosted, or known to be hosted on an American server (i.e. a server in the USA) before 2010. Therefore the Affidavit in support of extradition compiled and written by Anitha S. Ibrahim (trial attorney) and sworn on 28th June 2011 incorrectly assumed Dreamboard was on an American server prior to 2010.
- ③ I was an active member of Dreamboard between June 2009 and June 2010 so for half of that time (June 2009 to Dec 2009) any posts I made were not in violation of any US laws because both I and Dreamboard were not resident in the USA or its territories.
- ④ ③ above means that Conspiracy to Advertize did apply before 2010 because I believed that my posting of child porn adverts to Dreamboard did not break any US law since neither I nor the site were located in any US territory.
- ⑤ ③ also means that the Engaging in Child Exploitation Enterprise, in which supporting evidence is 3 files posted in 2009, is invalid because amongst the 5 listed elements which the Government is required to prove beyond a reasonable doubt, one of them requires that I

pto.

GOVERNMENT EXHIBIT 20

I knew, or had reason to know that the 3 files I posted in 2009 were transported in interstate or foreign commerce by computer. 'Interstate or foreign commerce' applies only if I, with or without Dreamboard were in US Territory at the time of the post. This was the meaning of the term when Senators enacted those laws. (more on that can be found in pages 925 of the 2013 edition of the US statutes book). If the defendant was outside of the USA when posting to a site inside of the USA then the wording on 2260 would apply, i.e A person who, outside of the United States... etc etc (see pages 944 of the same book). Futhemore, Count 1 is not charged as a conspiracy but as a jointly undertaken criminal activity which again requires that the adverts and distribution of the 3 files in 2009 involved breaking the law of the USA. As explained in ③ this is not the case.

⑥ The Extradition treaty between USA and Kenya states that I cannot be held in custody or taken to trial for any offence, crime or any other matter other than that which gave rise to the extradition request. These matters are in the Affidavit in which the three files posted in 2009 are the best supporting evidence. This is why I seek to have counts 1 and 2 dropped and plead guilty to count 3 above.
   Hope to hear your views soon.    Brian

Sent Jan 2015

2/9/15

Hi John.

Hope all is well with you. Just thought I would bring up some more details it did not occur to me to bring up in previous meetings but which now seem relevant to the case against me.

When the Kenya Authorities arrested me in 2010 they did not do any forensic search of computers at my place of work. The evidence involving content in my laptops hard disk drive and the server at the company I worked for was obtained some six months after my arrest so there was sufficient time for the evidence to have been tampered with especially given that I have reason to believe I was not the only one who used that laptop and I got an impression that I was not the only one who accessed Dreamboard under the 'Catfish' screen name.

It may be worthwhile to note that when the forensic team from the US justice department came some time in June 2010 (6 months after my arrest) they requested to have access to all computers on the network (there were around 7 in all) but for some reason they were allowed to get access and get hard disk copies for only two, i.e the server and the laptop assigned to me.

PTO.

GOVERNMENT EXHIBIT 21

I have reason to believe that by failing to get copies of the hard disk drives for all computers, the US justice department denied themselves the chance to get the full picture of what was going on concerning posts under the 'Catfish' screen name. In fact, this full forensic search should have been done by the US department when I was arrested in December 2010.

It would be wrong to assume that all the posts done under the 'Catfish' screen name were done by me, especially any done in 2010 as most of that time I was simply downloading other peoples content. Its also important to note the computer said to be mine was in fact a Company Computer which during my absence was available for others to also use.

Finally please also note strictly speaking I am not liable under 2252A(a)(2)(A) & (b)(1) for distribution because the 3 files were not put there by interstate or foreign commerce but rather by a person residing outside of the USA. It cannot even be a conspiracy because when the files were uploaded I was not doing it for Dreamboard. That idea of advertising it at Dreamboard came much later. However 1260(b) carries the same punishment as the above and it was my laptop that was involved so I accept responsibility.

**UNITED STATES PROBATION OFFICE**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**
300 Fannin Street, Suite 2202
Shreveport, LA 71101-3082
**TELEPHONE: 318-676-3295**
**FAX NUMBER: 318-676-3288**

DATE: 6/24/15

TO: John Freud (signature)

LOCATION: _____

FAX NO. 903-793-2655

NO. of Pages: _____
(Including cover page)

MESSAGE: Revised PSR & Addendum

### CONFIDENTIALITY NOTICE

This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the United States Government confidentiality laws. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for return of the documents. Thank you.

FROM:
- [ ] (for) Amanda M. Barber, United States Probation Officer
- [ ] Jennifer L. DeMoss, United States Probation Officer
- [ ] Jonathan L. Guthrie, United States Probation Officer
- [ ] Brian K. Joyner, United States Probation Officer
- [ ] Jarred R. Cram, United States Probation Officer
- [ ] Karen W. Lee, Supervising United States Probation Officer
- [ ] Steven E. McNeill, United States Probation Officer
- [ ] Teri Walker, Support Specialist
- [x] LaDonna D. Joyner, Support Specialist
- [ ] Ross Guilhas, Automation Specialist

**PLEASE NOTE:** If you do not receive the indicated number of pages, please contact the sender IMMEDIATELY! Thank you.

FAX TRANSMITTAL

**GOVERNMENT EXHIBIT 22**