**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00319-11<br>CIVIL ACTION NO. 16-01273 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRIAN MUSOMBA MAWEU | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Brian Musomba Maweu's ("Maweu") *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 870). Maweu seeks to have his sentence corrected on the grounds of concealment of evidence of his alleged child molestation activities in Kenya and ineffective assistance of counsel. For the reasons discussed herein, Maweu's § 2255 Motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

Maweu's prosecution centered around his involvement in Dreamboard, which was a membership-only internet forum created to facilitate the distribution of child pornography. See Record Document 824-2. Maweu became a member of Dreamboard on January 18, 2009. As a member, Maweu posted 121 images or files, 34 of which were posted in an exclusive section on the site dedicated to "homemade material." See id. In addition, Maweu made multiple posts advertising the distribution of child pornography, and he also paid the fees required to maintain the bulletin board on the website. See id.

In addition to his participation in Dreamboard, Maweu administered a separate online forum entitled "My African Girls." See Record Document 890 at 4. The forum advertised photos and videos of Maweu molesting Kenyan children. Patrons of the "My

African Girls" forum could request custom videos featuring specific girls engaged in specified sexual acts. See id. at 5.

On November 9, 2011, a federal grand jury filed charges in a fourth Superseding Indictment against Maweu and 27 other co-defendants. See Record Document 506. The indictment alleged four counts against Maweu including: (1) engaging in a child exploitation enterprise; (2) conspiring to advertise the distribution of child pornography; (3) conspiring to distribute child pornography; and (4) one count of forfeiture. See id.

On April 9, 2015, Maweu plead guilty to Count One of the indictment—engaging in a child exploitation enterprise. See Record Document 822. On September 28, 2015, the Court sentenced him to life in prison with a lifetime term of supervised release. See Record Document 838. Maweu appealed his sentence. See Record Document 839. On August 18, 2016, the Fifth Circuit Court of Appeals affirmed his sentence. See Record Document 869. On September 8, 2016, Maweu filed the instant § 2255 Motion. See Record Documents 870 and 872. The Government answered the motion on November 16, 2016. See Record Document 890. Maweu replied to the Government's answer on December 22, 2016. See Record Document 895.[1]

## LAW AND ANALYSIS

I. **Legal Standard**

A. **Section 2255**

The federal habeas corpus remedy is contained in 28 U.S.C. § 2255, which provides that a prisoner serving a federal sentence may make a motion to vacate, set

---

[1] Following his reply, Maweu has submitted numerous letters to the court supplementing his initial § 2255 claim. See Record Documents 896, 897, 900, 903, 907, 908, 922, 931, 934, and 953.

aside, or correct his sentence within a year after his conviction has become final. Review under § 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a).

After accepting a guilty plea and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting United States v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). As explained by the Supreme Court, "our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks . . . to the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65, 102 S.Ct. at 1593.

Consequently, a § 2255 motions is to be used sparingly as a defendant can only challenge a final conviction on constitutional or jurisdictional issues. See Shaid, 937 F.2d at 232. Section 2255 motions are "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted). Furthermore, "non-constitutional claims which could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." Id.

Even if a petitioner wishes to assert constitutional or jurisdictional issues, he may be procedurally barred. To raise an issue for the first time on collateral review, a petitioner

must show both "cause" for his procedural default and "prejudice" resulting from the error. Frady, 456 U.S. at 168, 102 S.Ct. at 1594; Shaid, 937 F.2d at 232. The "cause" and "prejudice" standard is "a significantly higher hurdle" than the plain error standard used on direct appeal. Frady, 456 U.S. at 166, 102 S.Ct. at 1593. Any defendant who does not meet the burden of showing both "cause" and "prejudice" or "actual innocence"[2] is procedurally barred from attacking his conviction.

To establish "cause," the defendant must show that some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). External impediments constituting cause include interference by officials that makes compliance with the procedural rule inapplicable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and constitutionally ineffective assistance of counsel. See United States v. Guerra, 94 F.3d 989, 993 (5th Cir. 1996).

In addition to cause, the defendant must show "actual prejudice" to overcome the procedural bar. To satisfy "actual prejudice," the defendant must demonstrate that, but for the error, he would not have been convicted. Id. at 994. Further, in the context of a guilty plea, the defendant must show that absent the error he would not have pleaded guilty and would have insisted on going to trial. See id.

**B. Ineffective Assistance of Counsel**

Nevertheless, an ineffective assistance of counsel claim may be raised for the first time during a collateral proceeding. The general rule prohibiting a defendant from raising

---

[2] "The only exception to the cause and prejudice test is the extraordinary case in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." United States v. Young, 77 F. App'x 708, 709 (5th Cir. 2003).

claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1694 (2003). A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. See id. Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under § 2255, regardless of whether such claims could have been raised on direct appeal. See id.

To prevail on claims of ineffective assistance of counsel, a claimant must prove: (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Bryant v. Scott, 28 F.2d 1411, 1414-15 (5th Cir. 1994). Under the first prong of the Strickland analysis, a claimant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. The Court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence. See id. at 690, 104 S.Ct. at 2066. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id.

Under the second prong of the Strickland test, a claimant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome."

Strickland, 466 U.S. at 694, 104 S.Ct. at 2065. A claimant must demonstrate that the attorney's errors "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994) (citation omitted). If a claimant fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Bryant, 28 F.3d at 1415.

In the context of guilty pleas, the first half of the Strickland test is nothing more than a restatement of the standard of attorney competence. See Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370 (1985). The second prong, the "prejudice" requirement, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. See id. at 59, 106 S.Ct. at 370. To satisfy this prejudice requirement, the defendant must demonstrate that there is a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See id.

**II.     Analysis**

Maweu's claims in his § 2255 Motion are that: (1) evidence of his alleged child molestation activities in Kenya used in his Pre-Sentence Investigation Report ("PSR") were undisclosed to him by the prosecutor until after he signed his plea agreement, thereby affecting the validity of his extradition and the voluntariness of his plea; and (2) his district court counsel was ineffective for failing to advise him of the potential for an upward deviation to his sentence. See Record Documents 870, 872-2, and 895.

However, because Maweu pleaded guilty, all non-jurisdictional defects in the proceedings are waived. See United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000). This waiver "includes claims of ineffective assistance of counsel except insofar as the

ineffectiveness is alleged to have rendered the guilty plea involuntary." Id. Regardless of the attorney's performance, the conviction should be upheld if the plea is voluntary. For if the plea was voluntary, there is no prejudice. See DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994), quoting United States v. Diaz, 733 F.2d 371, 376 (5th Cir. 1984) ("[e]ven where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. In such a case there is 'no actual and substantial disadvantage' to the defense").

### A. Informed and Voluntary Plea

Maweu claims the prosecutor and other unidentified "interested parties" purposefully concealed evidence of Maweu's alleged child molestation activities in Kenya from both the extradition documents[3] and the plea agreement.[4] See Record Document 870 at 4. Maweu contests the prosecutors' failure to disclose the alleged evidence until after Maweu signed the plea agreement was purposeful to ensure Maweu's acceptance of the plea agreement. See Record Document 870 at 4. Maweu also asserts the video evidence of the child molestation was not properly authenticated under the Federal Rules of Evidence. See Record Document 895 at 3-5. Further, he alleges the admission of the evidence "explicitly informed [the Judge's] decision to accept the prosecutors request for an upward deviation to life." Id. at 5.

---

[3] The extradition was consented to by Maweu, and he waived his right to contest the extradition under oath, knowing full well the consequences of the waiver. See Record Document 890-1 at 56-57. Furthermore, the extradition documents include a connection between Maweu's "My African Girls" website and Dreamboard. See id. at 20. The extradition documents also included evidence that Maweu "personally produced and sold" the child pornography videos on "My African Girls" website. Id.

[4] Maweu characterizes these assertions as two claims in his petition, but because they both center around the "new information" included in the PSR they will be treated as one claim.

These claims are likely procedurally barred because they were not alleged on direct appeal. See Frady, 456 U.S. at 168, 102 S.Ct. at 1594. However, Maweu claims the reason this issue was not raised on direct review is because of his counsel's failure to place the extradition agreement on the record at sentencing. See Record Document 872-2 at 4-5.[5] These reasons suggest an ineffective assistance of counsel claim, which need not be raised on direct review. See Massaro, 538 U.S at 504, 123 S.Ct. at 1694. Therefore, despite Maweu's labeling of the claims as "Prosecutorial Misconduct," this claim will be analyzed under the ineffective assistance of counsel standard. See United States v. Flores, 380 F. App'x 371 (5th Cir. 2010) ("Pro se litigants are entitled to liberal construction of their pleadings.").

Even liberally construing Maweu's concealment of evidence claim as an ineffective assistance of counsel claim, Maweu fails to meet either prong of the Strickland test, and therefore, this claim is without merit. First, Maweu cannot show the failure of counsel to raise the extradition proceeding on the record at sentencing was "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S.Ct. at 2066. The extradition proceeding had no bearing on whether Maweu's plea was informed and voluntary. Therefore, his attorney had no reason to note the extradition proceeding at the sentencing.

Second, there is no evidence to suggest that but for counsel's failure to state on the record Maweu's extradition agreement, he would not have pled guilty. See Hill, 474

---

[5] The Court is not entirely clear on Maweu's reason this issue was not raised on direct appeal. However, the Court interprets Maweu's reasoning from his response on a § 2255 form in which it asks why the issue raised in the § 2255 was not brought on direct appeal. In that answer, Maweu explains "It relates to [sic] violation of extradition treaty, of which treaty was not brought up in sentencing due to misrepresentation of counsel, and so was not in court transcripts as required for direct appeals." Record Document 872 at 4.

U.S. at 58, 106 S.Ct. at 370. To the contrary, Maweu has repeatedly asserted that he seeks only to correct his sentence, and not to vacate his plea. See Record Documents 872 at 12, 895 at 14. Maweu has failed to state a viable ineffective assistance of counsel claim as he has failed to prove either prong of the Strickland test.

Notwithstanding the procedural bar and the failure to state a claim for ineffective assistance of counsel, the Government's inclusion of the child molestation material did not change the sentencing guidelines in this case. See Record Document 833 at 12. Furthermore, the Fifth Circuit and Sentencing Guidelines make clear that a district court "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." United States v. Gomez-Alvarez, 781 F.3d 787, 796 (5th Cir. 2015) quoting U.S.G.S. § 6A1.3(a). "Information in the PSR is presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate, or unreliable." Id. (citations omitted). Therefore, the inclusion of the child molestation activities in the PSR is within the Government or Probation Office's purview. Maweu's failure to object prior to sentencing or offer rebuttal evidence allowed the district court to accept the material as true and properly consider it when imposing sentence.

**B. Ineffective Assistance of Counsel**

Maweu also seeks a correction to his sentence on grounds that his counsel failed to advise him of the potential for an upward deviation to his sentence pursuant to the factors set forth in 18 U.S.C. § 3553(a). See Record Documents 870 at 4, 872 at 6. Maweu alleges the failure of counsel to notify him of this potential upward deviation "rendered

[him] totally unprepared to present a defense both before and during sentencing." Record Document 870 at 5. Moreover, Maweu asserts his counsel failed to "gather authenticating evidence from the prosecution" regarding the child molestation evidence. Record Document 895 at 9.

This claim is without merit as Maweu has again failed to establish either prong of the Strickland test. First, regarding whether an attorney's actions fall below the standard of reasonableness, the Constitution requires the defendant pleading guilty to "be advised and understand the consequences of a guilty plea." United States v. Rivera, 898 F.2d 442, 447 (5th Cir. 1990). To understand the consequences of a guilty plea, the "defendant must know the maximum prison term and fine for the offense charged." Id.

At the time of his entry of the guilty plea and during the plea colloquy, Maweu was advised of the maximum penalty for the offense of child exploitation enterprise pursuant to 18 U.S.C. § 2252A(g) was life in prison. See Record Document 861 at 26. Maweu asserted multiple times during the plea colloquy that his attorney explained the guidelines used for sentencing. See id. at 25-56, 31. Further, Maweu explicitly stated that he understood the sentence imposed was solely within the district court's discretion, and that the district judge was permitted to use § 3553(a) factors when determining his sentence. See id. at 32, 36. It is clear that at the time of entry of his plea agreement, Maweu was fully informed of the consequences of his guilty plea and its implications for sentencing, and, therefore his attorney's actions clearly were within the standard of reasonableness.

Furthermore, even assuming Maweu could show his attorney's actions fell below the standard of reasonableness, Maweu could not satisfy the second-prong of Strickland, that is, a showing that his attorney's actions were prejudicial. See Strickland, 466 U.S. at

687, 104 S.Ct. at 2064. In the context of sentencing, prejudice means that but for his counsel's error, his sentence would have been significantly less harsh. See United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). Failure to advise Maweu of the § 3553(a) factors in no way would have made Maweu's sentence less harsh, as the use of these factors is solely within the discretion of the district court judge. Therefore, Maweu's ineffective assistance of counsel claim for failure to disclose the § 3553(a) factors must fail as he has not proven that his counsel's actions fall below an objective standard of reasonableness or that his counsel's alleged ineffective assistance was prejudicial.

## CONCLUSION

Maweu is unable to demonstrate both necessary elements of the Strickland test for establishing an ineffective assistance of counsel claim on his claim of concealed evidence and his claim that counsel failed to advise him of the potential for an upward deviation to his sentence. Therefore, Maweu's § 2255 Motion is **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 11th day of September, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT