## SEVEN TRUTHS OF PORNOGRAPHY.

1) Sexual attractiveness of humans begins at ages 6-7 and peak at age 12-14. Unlike the Cinderella story, it does not magically appear on their 18th birthday. Perceptions of such sexual attractiveness is God given and pedophilic. It's inherent in all humans. Religion provides the moral code to navigate such pedophilia

2) When viewed in light of genesis 2:15-17, genesis 3 indicates the distain, shame or hostility to such pedophilia are pathological. This is a genesis 3 (G3) mindset associated with our fallen nature aka spiritual fornication.

3) When viewed in light of genesis 1:31, genesis 2:25 indicates such pedophilia is not shameful. Genesis 2:25 is associated with pornography in that pornstars (be they children or adult) exhibit shameless nakedness for public entertainment or religious service. This is a genesis 2 (G2) mindset connected with our edenic nature which is achieved by reconnecting with our creator Nebertcher.

4) Matthew 18:6 indicates we are to raise our children to have G2 mindsets and that those who dont are monsters to be destroyed because they deny their children their right to persue their edenic heritage. For by the time they reach 18 years of age their minds have been hardwired to reject G2 mindsets. This informs their toxic G3 mindset and lifestyle thereof which can be difficult to remove and reprogram into the proper G2.

5) Matthew 12:33 indicates pornography done with G3 mindsets is toxic, however that which is done with G2 mindsets is wholesome As one famous secular pornographer told the american congress, his craft is about corrupting the morals of people by producing filth....or words to that effect. Such mindsets inform the war against child pornography. Ironically G3 people dont want their children exposed to pornography, or taught about sex, yet such mindsets are the very ones perpetuating sexual peversion by associating such gifts, which children will indulge in, with the devil.

6) The prodigal son story in luke 15:11-32 illustrates the way to redemption. We once existed in a G2 mindset. We then fell into a G3 mindset. This life is an excercise in reclaiming our G2 mindset.

7) Matthew 24:37-51 indicates only those who succeed in aquiring G2 mindsets will enter the new Noah's ark and be saved from destitution of an eternal kind.

Remember to show your religious work may contain sexually explicit images of adults or children.

EXHIBIT 3.

INMATE REQUEST FOR RELIGIOUS PREFERENCE CHANGE

FROM: BRIAN MAWEU

SUBJECT: Religious Preference Change

TO: Chaplain's Office

Please change my religious preference and retain this in my inmate central file.

INMATE NAME: BRIAN MUSOMBA MAWEU

REGISTER#: 17362 - 035

CHANGE FROM: CHRISTIAN TO NEO NETERIAN OTHER

If listed as other, specify NEO - NETERIAN

UNIT / Cell# A L 109 FCI SHU

INMATE SIGNATURE: _____ DATE 25 March 2020

CHAPLAIN SIGNATURE: _____ DATE 25 MAR 20

## Khufu Model release and Consent form.

ADULT ☐          PARENT ☐          GUARDIAN ☐

1. IF ADULT, GIVE LEGAL NAME & ID NUMBER _____

2. IF ADULT KHUFU FOLLOWER, GIVE KHUFU NAME _____

3. IF PARENT/GUARDIAN GIVE LEGAL NAME & ID NUMBER _____

4. GIVE CHILDS LEGAL NAME _____

5. IF CHILD IS KHUFU FOLLOWER GIVE ITS KHUFU NAME _____

6. HAVE YOU READ AND UNDERSTOOD THE SACRAMENT STATEMENT? YES ☐  NO ☐

7. IF YOUR ANSWER TO 6 ABOVE IS NO, PLEASE READ IT ON THE NEXT PAGE OR
   SEEK CLARIFICATION. PARTICIPATION REQUIRES A 'YES' ANSWER.

8. IF ADULT, DO YOU AGREE TO PARTICIPATE IN KHUFU SACRAMENTS? YES ☐  NO ☐

9. IF PARENT/GUARDIAN, DO YOU AGREE TO LET YOUR CHILD PARTICIPATE IN KHUFU
   SACRAMENTS?  YES ☐  NO ☐

NOBODY HAS FORCED ME TO AGREE TO THIS CONSENT FORM. I ACKGNOWLEDGE KHUFU
SACRAMENTS ARE HOLY AND, IN LINE WITH MATTHEW 7:6, I AM NEITHER A DOG NOR
A PIG, I AM FREE TO COME AND GO AS I WISH WITHOUT PREJUDICE AND EXEMPT
KHUFU COVEN AND ORGANIZERS OF SACRAMENTS FESTIVITIES OF ANY LEGAL
LIABILITY. I PERMIT ANY RECORDED CONTENT OF ME AND/OR MY CHILD
PARTICIPATING IN SUCH KHUFU SACRAMENTS TO BE DISTRIBUTED AND USED AS KHUFU
SACRAMENTS TO THE GENERAL PUBLIC, ALL COPYRIGHT BELONGING TO THE PRODUCER.

SIGN & DATE _____

WITNESS NAME, SIGN AND DATE. _____

## KHUFU SACRAMENT STATEMENT.

In line with Genesis 1:28 Genesis 1:29 and Genesis 2:25, Khufu sacraments involve participation in activities which contain:-

- Laviscious display of naked male and female bodies including genitals.
- Penetration of female or male genitals.
- Touching, sucking or licking of naked male or female bodies including genitals.
- Consumption of marijuana.
- Sex shows or orgies involving group, solo, heterosexual, bisexual, homosexual or lesbian activities.
- Exotic fashion shows.
- Nude dancing, strippers and strip shows.

Such activities may be done in live shows, fellowships or recorded videos. They may involve adults and/or children.

Recordings may be publicly distributed as Khufu sacraments of marijuana, erotica and creativity so copyright belongs to the producer.

For the purpose of this statement, genitals include female and male sex organs, buttocks, anus and breasts. Participants in such shows are called Sheramke (females) and Sheraume (males), AKA SEX PRIESTESSES AND PRIESTS. We do not muzzle the ox as it treads the grain, so they are entitled to payment for services they provide. They help promote and sustain this beautiful religion whether or not they believe in it.

EXHIBIT 5.

THE REPUBLIC OF KENYA

HARAMBEE

LAWS OF KENYA

SEXUAL OFFENCES ACT

NO. 3 OF 2006

Revised Edition 2014 [2012]
Published by the National Council for Law Reporting
with the Authority of the Attorney-General
www.kenyalaw.org

# NO. 3 OF 2006

## SEXUAL OFFENCES ACT

### ARRANGEMENT OF SECTIONS

Section
1. Short title.
2. Interpretation.
3. Rape.
4. Attempted rape.
5. Sexual assault.
6. Compelled or induced indecent acts.
7. Acts which cause penetration or indecent acts committed within the view of a family member, child or person with mental disabilities.
8. Defilement.
9. Attempted defilement.
10. Gang rape.
11. Indecent act with child or adult.
11A. Indecent act with adult.
12. Promotion of sexual offences with a child.
13. Repealed.
14. Child sex tourism.
15. Child prostitution.
16. Child pornography.
17. Exploitation of prostitution.
18. Prostitution of persons with mental disabilities.
19. Repealed.
20. Incest by male persons.
21. Incest by female persons.
22. Test of relationship.
23. Sexual harassment.
24. Sexual offences relating to position of authority and persons in position of trust.
25. Sexual relationships which pre-date position of authority or trust.
26. Deliberate transmission of HIV or any other life threatening sexually transmitted disease.
27. Administering a substance with intent.
28. Distribution of a substance by juristic person.
29. Cultural and religious sexual offences.
30. Non-disclosure of conviction of sexual offences.
31. Vulnerable witnesses.
32. Vulnerable witness to be notified of protective measures.
33. Evidence of surrounding circumstances and impact of sexual offence.
34. Evidence of character and previous sexual history.
35. Medical treatment orders.
36. Evidence of medical, forensic and scientific nature.

Section
37. Keeping scene of a crime secure, etc.
38. Deleted.
39. Supervision of dangerous sexual offenders.
40. Attorney-General to decide whether police investigations should be discontinued.
41. Extra-territorial jurisdiction.
42. Consent.
43. Intentional and unlawful acts.
44. Evidential presumptions about consent.
45. Conclusive presumptions about consent.
46. National policy framework.
47. Regulations.
47A. Chief Justice may make rules.
48. Transitional provisions.
49. Consequential amendments and repeals.

SCHEDULES

FIRST SCHEDULE — TRANSITIONAL PROVISIONS
SECOND SCHEDULE — CONSEQUENTIAL AMENDMENTS AND REPEALS

# NO. 3 OF 2006

# SEXUAL OFFENCES ACT

[Date of assent: 14th July, 2006.]

[Date of commencement: 21st July, 2006.]

An Act of Parliament to make provision about sexual offences, their definition, prevention and the protection of all persons from harm from unlawful sexual acts, and for connected purposes

[Act No. 3 of 2006, Act No. 7 of 2007, Act No. 6 of 2009, Act No. 6 of 2010, Act No. 12 of 2012.]

## 1. Short title

This Act may be cited as the Sexual Offences Act.

## 2. Interpretation

(1) In this Act, unless the context otherwise requires—

"act which causes penetration" means an act contemplated under this Act;

"child" has the meaning assigned thereto in the Children Act (Cap. 141);

"complainant" means the Republic or the alleged victim of a sexual offence and in the case of a child or a person with mental disabilities, includes a person who lodges a complaint on behalf of the alleged victim where the victim is unable or inhibited from lodging and following up a complaint of sexual abuse;

"consent" has the meaning assigned to it under this Act;

"DNA" means deoxyribonucleic acid, the genetic code unique to every living organism, including human beings and "DNA Test" shall be construed accordingly;

"gang" means two or more persons;

"genital organs" includes the whole or part of male or female genital organs and for purposes of this Act includes the anus;

"gang rape" deleted by Act No. 7 of 2007;

"HIV" means the Human Immunodeficiency Virus which causes AIDS;

"HIV test" means the test which determines whether a person is infected with HIV;

"indecent act" means an unlawful intentional act which causes—

(a) any contact between any part of the body of a person with the genital organs, breasts or buttocks of another, but does not include an act that causes penetration;

(b) exposure or display of any pornographic material to any person against his or her will;

"intermediary" means a person authorized by a court, on account of his or her expertise or experience, to give evidence on behalf of a vulnerable witness and may include a parent, relative, psychologist, counsellor, guardian, children's officer or social worker;

"law enforcement officer" means any person whose duties involve law enforcement and includes but is not limited to a police officer as defined under the Police Act;

"person with mental disabilities" means a person affected by any mental disability irrespective of its cause, whether temporary or permanent, and for purposes of this Act includes a person affected by such mental disability to the extent that he or she, at the time of the alleged commission of the offence in question, was—

(a) unable to appreciate the nature and reasonably foreseeable consequences of any act described under this Act;

(b) able to appreciate the nature and reasonably foreseeable consequences of such an act but unable to act in accordance with that appreciation;

(c) unable to resist the commission of any such act; or

(d) unable to communicate his or her unwillingness to participate in any such act;

"Minister" means the Minister for the time being responsible for matters relating to legal affairs and public prosecutions;

"penetration" means the partial or complete insertion of the genital organs of a person into the genital organs of another person;

"sexual offence" means any offence prescribed in this Act; and

"vulnerable person" means a child, a person with mental disabilities or an elderly person and "vulnerable witness" shall be construed accordingly.

[Act No. 7 of 2007, Sch., Act No. 6 of 2009, Sch.]

## 3. Rape

(1) A person commits the offence termed rape if—

(a) he or she intentionally and unlawfully commits an act which causes penetration with his or her genital organs;

(b) the other person does not consent to the penetration; or

(c) the consent is obtained by force or by means of threats or intimidation of any kind.

(2) In this section the term "intentionally and unlawfully" has the meaning assigned to it in section 43 of this Act.

(3) A person guilty of an offence under this section is liable upon conviction to imprisonment for a term which shall not be less than ten years but which may be enhanced to imprisonment for life.

## 4. Attempted rape

Any person who attempts to unlawfully and intentionally commit an act which causes penetration with his or her genital organs is guilty of the offence of attempted rape and is liable upon conviction for imprisonment for a term which shall not be less than five years but which may be enhanced to imprisonment for life.

## 5. Sexual assault

(1) Any person who unlawfully—

(a) penetrates the genital organs of another person with—

  (i) any part of the body of another or that person; or

  (ii) an object manipulated by another or that person except where such penetration is carried out for proper and professional hygienic or medical purposes;

(b) manipulates any part of his or her body or the body of another person so as to cause penetration of the genital organ into or by any part of the other person's body,

is guilty of an offence termed sexual assault.

(2) A person guilty of an offence under this section is liable upon conviction to imprisonment for a term of not less than ten years but which may be enhanced to imprisonment for life.

[Act No. 7 of 2007, Sch.]

## 6. Compelled or induced indecent acts

A person who intentionally and unlawfully compels, induces or causes another person to engage in an indecent act with—

(a) the person compelling, inducing or causing the other person to engage in the act;

(b) a third person;

(c) that other person himself or herself; or

(d) an object, including any part of the body of an animal, in circumstances where that other person—

  (i) would otherwise not have committed or allowed the indecent act; or

  (ii) is incapable in law of appreciating the nature of an indecent act, including the circumstances referred to in section 43,

is guilty of an offence and is liable upon conviction to imprisonment for a term which shall not be less than five years.

## 7. Acts which cause penetration or indecent acts committed within the view of a family member, child or person with mental disabilities

A person who intentionally commits rape or an indecent act with another within the view of a family member, a child or a person with mental disabilities is guilty of an offence and is liable upon conviction to imprisonment for a term which shall not be less than ten years.

## 8. Defilement

(1) A person who commits an act which causes penetration with a child is guilty of an offence termed defilement.

(2) A person who commits an offence of defilement with a child aged eleven years or less shall upon conviction be sentenced to imprisonment for life.

(3) A person who commits an offence of defilement with a child between the age of twelve and fifteen years is liable upon conviction to imprisonment for a term of not less than twenty years.

(4) A person who commits an offence of defilement with a child between the age of sixteen and eighteen years is liable upon conviction to imprisonment for a term of not less than fifteen years.

(5) It is a defence to a charge under this section if—

(a) it is proved that such child, deceived the accused person into believing that he or she was over the age of eighteen years at the time of the alleged commission of the offence; and

(b) the accused reasonably believed that the child was over the age of eighteen years.

(6) The belief referred to in subsection (5)(b) is to be determined having regard to all the circumstances, including any steps the accused person took to ascertain the age of the complainant.

(7) Where the person charged with an offence under this Act is below the age of eighteen years, the court may upon conviction, sentence the accused person in accordance with the provisions of the Borstal Institutions Act (Cap. 92) and the Children's Act (Cap. 141).

(8) The provisions of subsection (5) shall not apply if the accused person is related to such child within the prohibited degrees of blood or affinity.

## 9. Attempted defilement

(1) A person who attempts to commit an act which would cause penetration with a child is guilty of an offence termed attempted defilement.

(2) A person who commits an offence of attempted defilement with a child is liable upon conviction to imprisonment for a term of not less than ten years.

(3) The provisions of section 8(5), (6), (7) and (8) shall apply *mutatis mutandis* to this section.

## 10. Gang rape

Any person who commits the offence of rape or defilement under this Act in association with another or others, or any person who, with common intention, is in the company of another or others who commit the offence of rape or defilement is guilty of an offence termed gang rape and is liable upon conviction to imprisonment for a term of not less than fifteen years but which may be enhanced to imprisonment for life.

[Act No. 7 of 2007, Sch.]

## 11. Indecent act with child or adult

(1) Any person who commits an indecent act with a child is guilty of an offence of committing an indecent act with a child and is liable upon conviction to imprisonment for a term of not less than ten years.

(2) It is a defence to a charge under subsection (1) if it is proved that such child deceived the accused person into believing that such child was over the age of eighteen years at the time of the alleged commission of the offence, and the accused person reasonably believed that the child was over the age of eighteen years.

(3) The belief referred to in subsection (2) is to be determined having regard to all the circumstances, including the steps the accused person took to ascertain the age of the complainant.

(4) Where the person charged with an offence under this Act is below the age of eighteen years, the court may upon conviction, sentence the accused person in accordance with the provisions of the Borstal Institutions Act (Cap. 92) and the Children's Act (Cap. 141).

(5) The provisions of subsection (2) shall not apply if the accused person is related to such child within the prohibited degrees of blood or affinity.

(6) Deleted by Act No. 7 of 2007, Sch.

## 11A. Indecent act with adult

Any person who commits an indecent act with an adult is guilty of an offence and is liable to imprisonment for a term not exceeding five years or a fine not exceeding fifty thousand shillings or to both. [Act No. 7 of 2007, Sch.]

## 12. Promotion of sexual offences with a child

A person including a juristic person who—

(a) manufactures or distributes any article that promotes or is intended to promote a sexual offence with a child; or

(b) who supplies or displays to a child any article which is intended to be used in the performance of a sexual act with the intention of encouraging or enabling that child to perform such sexual act,

is guilty of an offence and is liable upon conviction to imprisonment for a term of not less than five years and where the accused person is a juristic person to a fine of not less than five hundred thousand shillings.

## 13. Repealed by Act No. 8 of 2010, s. 5.

## 14. Child sex tourism

A person including a juristic person who—

(a) makes or organizes any travel arrangements for or on behalf of any other person, whether that other person is resident within or outside the borders of Kenya, with the intention of facilitating the commission of any sexual offence against a child, irrespective of whether that offence is committed; or

(b) prints or publishes, in any manner, any information that is intended to promote or facilitate conduct that would constitute a sexual offence against a child;

(c) introduces, organizes or facilitates contact with another person under the auspices of promoting tourism, in any manner, in order to promote conduct that would constitute a sexual offence against a child,

is guilty of an offence of promoting child sex tourism and is liable upon conviction to imprisonment for a term of not less than ten years and where the accused person is a juristic person to a fine of not less than two million shillings.

## 15. Child prostitution

Any person who—

(a) knowingly permits any child to remain in any premises, for the purposes of causing such child to be sexually abused or to participate in any form of sexual activity or in any obscene or indecent exhibition or show;

(b) acts as a procurer of a child for the purposes of sexual intercourse or for any form of sexual abuse or indecent exhibition or show;

(c) induces a person to be a client of a child for sexual intercourse or for any form of sexual abuse or indecent exhibition or show, by means of print or other media, oral advertisements or other similar means;

(d) takes advantage of this influence over, or his relationship to a child, to procure the child for sexual intercourse or any form of sexual abuse or indecent exhibition or show;

(e) threatens or uses violence towards a child to procure the child for sexual intercourse or any form of sexual abuse or indecent exhibition or show,

(f) intentionally or knowingly owns, leases, rents, manages, occupies or has control of any movable or immovable property used for purposes of the commission of any offence under this Act with a child by any person;

(g) gives monetary consideration, goods, other benefits or any other form of inducement to a child or his parents with intent to procure the child for sexual intercourse or any form of sexual abuse or indecent exhibition or show,

commits the offence of benefiting from child prostitution and is liable upon conviction to imprisonment for a term of not less than ten years.

16. Child pornography

(1) Any person including a juristic person who—

(a) knowingly displays, shows, exposes or exhibits obscene images, words or sounds by means of print, audio-visual or any other media to a child with intention of encouraging or enabling a child to engage in sexual acts;

(aa) sells, lets to hire, distributes, publicly exhibits or in any manner puts into circulation, or for purposes of sale, hire, distribution, public exhibition or circulation, makes, produces or has in his or her possession any obscene book, pamphlet, paper, drawing, painting, art, representation or figure or any other obscene object whatsoever which depict the image of any child;

(b) imports, exports or conveys any obscene object for any of the purposes specified in subsection (1), or knowingly or having reason to believe that such object will be sold, let to hire, distributed or publicly exhibited or in any manner put into circulation;

(c) takes part in or receives profits from any business in the course of which he or she knows or has reason to believe that any such obscene objects are, for any of the purposes specifically in this section, made, produced, purchased, kept, imported, exported, conveyed, publicly exhibited or in any manner put into circulation;

(d) advertises or makes known by any means whatsoever that any person is engaged or is ready to engage in any act which is an offence under this section, or that any such obscene object can be produced from or through any person; or

(e) offers or attempts to do any act which is an offence under this section,

is guilty of, an offence of child pornography and upon conviction is liable to imprisonment for a term of not less than six years or to a fine of not less than five hundred thousand shillings or to both and upon subsequent conviction, for imprisonment to a term of not less than seven years without the option of a fine.

(2) This section shall not apply to—

(a) a publication which is proved to be justified as being for the public good on the ground that such book, pamphlet, paper, writing, drawing, painting, art, representation or figure is in the interest of science, literature, learning or other objects of general concern;

(b) any book, pamphlet, paper, writing, drawing, painting, representation or figure which is kept or used bona fide for religious purposes;

(c) any representation sculptured, engraved, painted or otherwise represented on or in any ancient monument recognised as such in law; and

(d) activities between two persons of over eighteen years by mutual consent.

(3) For the purposes of subsection (1), a book, pamphlet, paper, drawing, painting, art, representation or figure or any other object shall be deemed to be obscene if it is lascivious or appeals to the prurient interest or its effect, or where it comprises two or more distinct items the effect of any one of its items, if taken as a whole, tends to deprave and corrupt persons who are likely, having regard to all relevant circumstances, to read, see or hear the matter contained or embodied in it.

[Act No. 7 of 2007, Sch., Act No. 6 of 2009, Sch.]

17. Exploitation of prostitution

Any person who—

(a) intentionally causes or incites another person to become a prostitute; and

(b) intentionally controls any of the activities of another person relating to that person's prostitution,

and does so for or in expectation of gain for him or herself or a third person, is guilty of an offence and is liable upon conviction to imprisonment for a term of not less than five years or to a fine of five hundred thousand shillings or to both.

18. Repealed by Act No. 8 of 2010, s. 6.

19. Prostitution of persons with mental disabilities

(1) A person who, in relation to a person with mental disability, for financial or other reward, favour or compensation to such person with mental disability or to any other person, intentionally—

(a) commits any offence under this Act with such person with disabilities;

(b) invites, persuades or induces such person with disabilities to allow him or her to commit any offence under this Act with such person with disabilities;

(c) makes available, offers or engages such person with disabilities or purposes of the commission of any offence under this Act with any person;

(d) supplies, recruits, transports, transfers, harbours or receives such person with disabilities, within or across the borders of Kenya, for purposes of the commission of any offence under this Act with any person;

(e) allows or knowingly permits the commission of any offence under this Act by any person with such person with disabilities.

(f) knowingly or intentionally owns, leases, rents, manages, occupies or has control of any movable or immovable property used for purposes of the commission of any offence under this Act with such person with disabilities by any person;

(g) detains such person with disabilities, whether under threat, coercion, deception, abuse of power or force for purposes of the commission of any offence under this Act with any person; or

(h) participates in, is involved in, promotes, encourages or facilitates the commission of any offence under this Act with such person with disabilities by any person,

is, in addition to any other offence which he or she may be convicted, guilty of the offence of being involved in the prostitution of a person with disabilities and shall, upon conviction, be liable to imprisonment for a term of not less than ten years.

(2) A person who intentionally lives wholly or in part on rewards, compensation or receives financial or other reward, favour or compensation from the commission of any offence under this Act with a person with disabilities by another person, is guilty of an offence of benefiting from prostitution of a person with disabilities and is liable upon conviction to imprisonment for a term of not less than ten years.

(3) Any person including a juristic person who—
(a) knowingly or intentionally makes or organises any travel arrangements for or on behalf of any person, whether that person is resident within or outside the borders of Kenya, with the intention of facilitating the commission of any sexual offence against a person with disabilities, irrespective of whether that offence is committed or not; or

(b) prints or publishes, in any manner, any information that is intended to promote or facilitate conduct that would constitute a sexual offence against a person with disabilities,

is guilty of an offence of promoting sex tourism with persons with disabilities and is liable upon conviction to imprisonment for a term of not less than ten years or to a fine of not less than two million shillings.

(4) A juristic person convicted of an offence under this section is liable upon conviction to a fine of not less than two million shillings.

## 20. Incest by male persons

(1) Any male person who commits an indecent act or an act which causes penetration with a female person who is to his knowledge his daughter, granddaughter, sister, mother, niece, aunt or grandmother is guilty of an offence termed incest and is liable to imprisonment for a term of not less than ten years:

Provided that, if it is alleged in the information or charge and proved that the female person is under the age of eighteen years, the accused person shall be liable to imprisonment for life and it shall be immaterial that the act which causes penetration or the indecent act was obtained with the consent of the female person.

(2) If any male person attempts to commit the offence specified in subsection (1), he is guilty of an offence of attempted incest and is liable upon conviction to a term of imprisonment of not less than ten years.

(3) Upon conviction in any court of any male person for an offence under this section, or of an attempt to commit such an offence, it shall be within the power of the court to issue orders referred to as "section 114 orders" under the Children's Act (Cap. 141) and in addition divest the offender of all authority over such female, remove the offender from such guardianship and in such case to appoint any person or persons to be the guardian or guardians of any such female during her minority or less period.

## 21. Incest by female persons

The provisions of section 20 shall apply mutatis mutandis with respect to any female person who commits an indecent act or act which causes penetration with a male person who is to her knowledge her son, father, grandson, grandfather, brother, nephew or uncle.

## 22. Test of relationship

(1) In cases of the offence of incest, brother and sister includes half brother, half sister and adoptive brother and adoptive sister and a father includes a half father and an uncle of the first degree and a mother includes a half mother and an aunt of the first degree whether through lawful wedlock or not.

(2) In this Act—
(a) "uncle" means the brother of a person's parent and "aunt" has a corresponding meaning;
(b) "nephew" means the child of a person's brother or sister and "niece" has a corresponding meaning;
(c) "half-brother" means a brother who shares only one parent with another;
(d) "half-sister" means a sister who shares only one parent with another; and
(e) "adoptive brother" means a brother who is related to another through adoption and "adoptive sister" has a corresponding meaning.

Case 5:10-cr-00319-SMH-MLH   Document 1032-2   Filed 03/11/22   Page 12 of 26 PageID #: 5243

(3) An accused person shall be presumed, unless the contrary is proved, to have had knowledge, at the time of the alleged offence, of the relationship existing between him or her and the other party to the incest.

(4) In cases where the accused person is a parent living with the complainant in the same house or is a parent or guardian of the complainant, the court may give an order removing the accused person from the house until the matter is determined and the court may also give an order classifying such a child as a child in need of care and protection and may give further orders under the Children's Act (Cap. 141).

### 23. Sexual harassment

(1) Any person, who being in a position of authority, or holding a public office, who persistently makes any sexual advances or requests which he or she knows, or has reasonable grounds to know, are unwelcome, is guilty of the offence of sexual harassment and shall be liable to imprisonment for a term of not less than three years or to a fine of not less than one hundred thousand shillings or to both.

(2) It shall be necessary to prove in a charge of sexual harassment that—

(a) the submission or rejection by the person to whom advances or requests are made is intended to be used as basis of employment or of a decision relevant to the career of the alleged victim or of a service due to a member of the public in the case of a public officer;

(b) such advances or requests have the effect of interfering with the alleged victim's work or educational performance or creating an offensive working or learning environment for the alleged victim or denial of a service due to the member of the public.

(c) public from a public office.

### 24. Sexual offences relating to position of authority and persons in position of trust

(1) Whoever being the superintendent or manager of a jail, remand home or children's or any institution or any other place of custody established by or under any law takes advantage of his or her official position and induces or seduces any inmate or inhabitant of such jail or institution, remand home, place or institution to have sexual intercourse with him or her, such sexual intercourse not amounting to the offence of rape or defilement shall be guilty of a sexual offence relating to a position of authority and shall be liable upon conviction to imprisonment for a term of not less than ten years.

(2) Any person who being a law enforcement officer takes advantage of his or her position and has sexual intercourse or commits any other sexual offence under this Act—

(a) within the limits of the station to which he or she is appointed; or

(b) in the premises of any station house whether or not situated in the station to which he or she is appointed; or

(c) on a person in his or her custody or in the custody of a law enforcement officer subordinate to him or her,

commits an offence of abuse of position of authority and is liable upon conviction to imprisonment for a term of not less than ten years.

(3) Any person who being the manager of any hospital or staff of a hospital takes advantage of his or her position and has sexual intercourse with or commits any other sexual offence under this Act with any patient in the hospital, such sexual intercourse not amounting to the offence of rape or defilement shall be guilty of an offence of abuse of position of authority and shall be liable upon conviction to imprisonment for a term of not less than ten years.

(4) Any person who being the head-teacher, teacher or employee in a primary or secondary school, special institution of learning whether formal or informal, takes advantage of his or her official position and induces or seduces a pupil or student to have sexual intercourse with him or her or commits any other offence under this Act, such sexual intercourse not amounting to the offence of rape or defilement, shall be guilty of an offence of abuse of position of authority and shall be liable upon conviction to imprisonment for a term of not less than ten years.

(5) Any person who being in a position of trust takes advantage of his or her position and induces or seduces a person in their care to have sexual intercourse with him or her or commits any other offence under this Act, such sexual intercourse not amounting to the offence of rape or defilement, shall be guilty of an offence of abuse of position of trust and shall be liable upon conviction for a term of not less than ten years.

### 25. Sexual relationships which pre-date position of authority or trust

(1) Conduct by a person which would otherwise be an offence under this Act against another person is not an offence under section 24 if, immediately before the position of authority or trust arose, a sexual relationship existed between that person and the other person.

(2) Subsection (1) does not apply if at that time sexual intercourse between such persons would have been unlawful.

(3) In proceedings for an offence under this section it is for the accused person to prove that such a relationship existed at that time.

### 26. Deliberate transmission of HIV or any other life threatening sexually transmitted disease

(1) Any person who, having actual knowledge that he or she is infected with HIV or any other life threatening sexually transmitted disease intentionally, knowingly and wilfully does anything or permits the doing of anything which he or she knows or ought to reasonably know—

(a) will infect another person with HIV or any other life threatening sexually transmitted disease;

(b) is likely to lead to another person being infected with HIV or any other life threatening sexually transmitted disease;

(c) will infect another person with any other sexually transmitted disease,

shall be guilty of an offence, whether or not he or she is married to that other person, and shall be liable upon conviction to imprisonment for a term of not less than fifteen years but which may be for life.

(2) Notwithstanding the provisions of any other law, where a person is charged with committing an offence under this section, the court may direct that an appropriate sample or samples be taken from the accused person, at such place and subject to such conditions as the court may direct, for the purpose of ascertaining whether or not he or she is infected with HIV or any other life threatening sexually transmitted disease.

(3) The sample or samples taken from an accused person in terms of subsection (2) shall be stored at an appropriate place until finalization of the trial.

(4) The court shall, where the accused person is convicted, order that the sample or samples be tested for HIV or any other life threatening sexually transmitted disease and where the accused person is acquitted, order that the sample or samples be destroyed.

(5) Where a court has given directions under subsection (4), any medical practitioner or designated person shall, if so requested in writing by a police officer above the rank of a constable, take an appropriate sample or samples from the accused person concerned.

(6) An appropriate sample or samples taken in terms of subsection (5)—

(a) shall consist of blood, urine or other tissue or substance as may be determined by the medical practitioner or designated person concerned, in such quantity as is reasonably necessary for the purpose of determining whether or not the accused person is infected with HIV or any other life threatening sexually transmitted disease; and

(b) in the case as a blood or tissue sample, shall be taken from a part of the accused person's body selected by the medical practitioner or designated person concerned in accordance with accepted medical practice.

(7) Without prejudice to any other defence or limitation that may be available under any law, no claim shall lie and no set-off shall operate against—

(a) the State;

(b) any Minister; or

(c) any medical practitioner or designated persons,

in respect of any detention, injury or loss caused by or in connection with the taking of an appropriate sample in terms of subsection (5), unless the taking was unreasonable or done in bad faith or the person who took the sample was culpably ignorant and negligent.

(8) Any person who, without reasonable excuse, hinders or obstructs the taking of an appropriate sample in terms of subsection (5) shall be guilty of an offence of obstructing the cause of justice and shall on conviction be liable to imprisonment for a term of not less than five years or to a fine of not less fifty thousand shillings or to both.

(9) Where a person is convicted of any offence under this Act and it is proved that at the time of the commission of the offence, the convicted person was infected with HIV or any other life threatening sexually transmitted disease whether or not he or she was aware of his or her infection, notwithstanding any

other sentence in this Act, he or she shall be liable upon conviction to imprisonment for a term of not less than fifteen years but which may be enhanced to imprisonment for life.

(10) For purposes of this section—

(a) the presence in a person's body of HIV antibodies or antigens, detected through an appropriate test or series of tests, shall be prima facie proof that the person concerned is infected with HIV; and

(b) if it is proved that a person was infected with HIV after committing an offence referred to in this Act, it shall be presumed, unless the contrary is shown, that he or she was infected with HIV when the offence was committed.

27. Administering a substance with intent

(1) Any person commits an offence if he intentionally administers a substance to, or causes a substance to be administered to or taken by, another person with the intention of—

(a) stupefying; or

(b) overpowering that person,

so as to enable any person to engage in a sexual activity with that person.

(2) In proceedings for an offence under this section it is for the complainant to prove that the accused person administered or caused the alleged victim to take any substance with a view to engaging in a sexual activity with the alleged victim.

(3) A person guilty of an offence under this section is, in addition to any other offence under this Act, liable on conviction to imprisonment for a term of not less than ten years.

28. Distribution of a substance by juristic person

(1) Any juristic person commits an offence if he intentionally distributes or administers a substance to, or causes a substance to be distributed by other persons with the intention of—

(a) stupefying; or

(b) overpowering another person,

so as to enable any person to engage in a sexual activity with that other person.

(2) In proceedings for an offence under this section it is for the accused person to prove that he did not distribute or cause to be taken any substance with a view to one person engaging into a sexual activity with another person.

(3) A juristic person guilty of an offence under this section is liable on conviction to a fine of not less than five million shillings or imprisonment of its directors for a term of not less than ten years or both.

29. Cultural and religious sexual offences

Any person who for cultural or religious reasons forces another person to engage in a sexual act or any act that amounts to an offence under this Act is guilty of an offence and is liable upon conviction to imprisonment for a term of not less than ten years.

## 30. Non-disclosure of conviction of sexual offences

A person who has been convicted of a sexual offence and who fails to disclose such conviction when applying for employment which places him or her in a position of authority or care of children or any other vulnerable person or when offering or agreeing to take care of or supervise children or any other vulnerable person is guilty of an offence and liable upon conviction to imprisonment for a term of not less than three years or to a fine of not less than fifty thousand shillings or to both.

## 31. Vulnerable witnesses

(1) A court, in criminal proceedings involving the alleged commission of a sexual offence, may declare a witness, other than the accused, who is to give evidence in those proceedings a vulnerable witness if such witness is—

(a) the alleged victim in the proceedings pending before the court;

(b) a child; or

(c) a person with mental disabilities.

(2) The court may, on its own initiative or on request of the prosecution or any witness other than a witness referred to in subsection (1) who is to give evidence in proceedings referred to in subsection (1), declare any such witness, other than the accused, a vulnerable witness if in the court's opinion he or she is likely to be vulnerable on account of—

(a) age;

(b) intellectual, psychological or physical impairment;

(c) trauma;

(d) cultural differences;

(e) the possibility of intimidation;

(f) race;

(g) religion;

(h) language;

(i) the relationship of the witness to any party to the proceedings;

(j) the nature of the subject matter of the evidence; or

(k) any other factor the court considers relevant.

(3) The court may, if it is in doubt as to whether a witness should be declared a vulnerable witness in terms of subsection (2), summon an intermediary to appear before the court and advise the court on the vulnerability of such witness.

(4) Upon declaration of a witness as a vulnerable witness in terms of this section, the court shall, subject to the provisions of subsection (5), direct that such witness be protected by one or more of the following measures—

(a) allowing such witness to give evidence through the protective cover of a witness protection box;

(b) directing that the witness shall give evidence through an intermediary;

(c) directing that the proceedings may not take place in open court;

(d) prohibiting the publication of the identity of the complainant or of the complainant's family, including the publication of information that may lead to the identification of the complainant or the complainant's family; or

(e) any other measure which the court deems just and appropriate.

(5) Once a court declares any person a vulnerable witness, the court shall direct that an intermediary referred to in subsection (3), be appointed in respect of such witness unless the interests of justice justify the non-appointment of an intermediary, in which case the court shall record the reasons for not appointing an intermediary.

(6) An intermediary referred to in subsection (3) shall be summoned to appear in court on a specified date, place and time to act as an intermediary and shall, upon failure to appear as directed, appear before the court to advance reasons for such failure, upon which the court may act as it deems fit.

(7) If a court directs that a vulnerable witness be allowed to give evidence through an intermediary, such intermediary may—

(a) convey the general purport of any question to the relevant witness;

(b) inform the court at any time that the witness is fatigued or stressed; and

(c) request the court for a recess.

(8) In determining which of the protective measures referred to in subsection (4) should be applied to a witness, the court shall have regard to all the circumstances of the case, including—

(a) any views expressed by the witness, but the court shall accord such views the weight it considers appropriate in view of the witness's age and maturity;

(b) any views expressed by a knowledgeable person who is acquainted with or has dealt with the witness;

(c) the need to protect the witness's dignity and safety and protect the witness from trauma; and

(d) the question whether the protective measures are likely to prevent the evidence given by the witness from being effectively tested by a party to the proceedings.

(9) The court may, on its own initiative or upon the request of the prosecution, at any time revoke or vary a direction given in terms of subsection (4), and the court shall, if such revocation or variation has been made on its own initiative, furnish reasons therefor at the time of the revocation or variation.

(10) A court shall not convict an accused person charged with an offence under this Act solely on the uncorroborated evidence of an intermediary.

(11) Any person, including a juristic person, who publishes any information in contravention of this section or contrary to any direction or authority under this section or who in any manner whatsoever reveals the identity of a witness in contravention of a direction under this section, is guilty of an offence and liable on conviction to imprisonment for a term of not less than three years or to a fine of not less than fifty thousand shillings or to both if the person in respect of whom

the publication or revelation of identity was done is under the age of eighteen years and in any other case to imprisonment for a term of not less three years or to a fine of not less than two hundred thousand shillings or to both.

(12) Any juristic person convicted of any offence under this section shall be liable to a fine of one million shillings.

(13) An accused person in criminal proceedings involving the alleged commission of a sexual offence who has no legal representation shall put any questions to a vulnerable witness by stating the questions to the court and the court shall repeat the questions accurately to the witness.

## 32. Vulnerable witness to be notified of protective measures

(1) The prosecution shall inform a witness who is to give evidence in criminal proceedings in which a person is charged with the alleged commission of a sexual offence, or if such witness is a child, such child, his or her parent or guardian or a person in loco parentis, of the possibility that he or she may be declared a vulnerable witness in terms of section 31 and of the protective measures listed in paragraphs (a) to (e) of section 31(4) prior to such witness commencing his or her testimony at any stage of the proceedings.

(2) The court shall, prior to hearing evidence given by a witness referred to in subsection (1), enquire from the prosecutor whether the witness has been informed as contemplated in this section and the court shall note the witness's response on the record of the proceedings, and if the witness indicates that he or she has not been so informed, the court shall ensure that the witness is so informed.

## 33. Evidence of surrounding circumstances and impact of sexual offence

Evidence of the surrounding circumstances and impact of any sexual offence upon a complainant may be adduced in criminal proceedings involving the alleged commission of a sexual offence where such offence is tried in order to prove—

(a) whether a sexual offence is likely to have been committed—

   (i) towards or in connection with the person concerned;

   (ii) under coercive circumstances referred to in section 43; and

(b) for purposes of imposing an appropriate sentence, the extent of the harm suffered by the person concerned.

## 34. Evidence of character and previous sexual history

(1) No evidence as to any previous sexual experience or conduct of any person against or in connection with whom any offence of a sexual nature is alleged to have been committed, other than evidence relating to sexual experience or conduct in respect of the offence which is being tried, shall be adduced, and no question regarding such conduct shall be put to such person, the accused or any other witness at the proceedings pending before a court unless the court has, on application by any party to the proceedings, granted leave to adduce such evidence or to put such questions.

(2) Before an application for leave contemplated in subsection (1) is heard, the court shall direct that any person, other than the complainant, whose presence is not necessary, may not be present at the proceedings.

(3) The court shall, subject to subsection (4), grant the application referred to in subsection (1) if satisfied that such evidence or questioning—

(a) relates to a specific instance of sexual activity relevant to a fact in issue;

(b) is likely to rebut evidence previously adduced by the prosecution;

(c) is likely to explain the presence of semen or the source of pregnancy or disease or any injury to the complainant, where it is relevant to a fact in issue;

(d) is not substantially outweighed by its potential prejudice to the complainant's personal dignity and right to privacy; or

(e) is fundamental to the accused's defence.

## 35. Medical treatment orders

(1) A court shall upon conviction of a person having committed a sexual offence and if satisfied that the convicted person is dependent on or has the propensity to misuse alcohol, any drug or is suffering from any other disorder, and may benefit from treatment, grant an order for treatment or professional counseling and such an order shall be made in addition to any sentence, including a sentence of imprisonment which is not suspended.

(2) Notwithstanding the provisions of subsection (1), a court shall, at any time at the request of a victim of sexual offence or an intermediary, grant an order for the treatment of a victim of sexual offence.

(3) Notwithstanding the provisions of subsection (2), the Minister responsible for Health shall prescribe the circumstances under which a victim of a sexual offence may at any time access treatment in any public hospital or institution.

(4) The expenses incurred for the treatment or professional counseling of any person convicted of an offence under this section or a victim of a sexual offence as the case may be, shall be borne by the State.

(5) All treatment in respect of a treatment order or professional counselling granted under this Act shall be undertaken at a public hospital or institution or any other institution approved or gazetted by the Minister responsible for health.

(6) All medical records relating to treatment pursuant to subsections (1), (2), (3) and (4) shall be kept and may be used as evidence before any court with regard to any offence under this Act.

[Act No. 7 of 2007, Sch.]

## 36. Evidence of medical, forensic and scientific nature

(1) Notwithstanding the provisions of section 36 of this Act or any other law, where a person is charged with committing an offence under this Act, the court may direct that an appropriate sample or samples be taken from the accused person, at such place and subject to such conditions as the court may direct for

the purpose of forensic and other scientific testing, including a DNA test, in order to gather evidence and to ascertain whether or not the accused person committed an offence.

(2) The sample or samples taken from an accused person in terms of subsection (1) shall be stored at an appropriate place until finalization of the trial.

(3) The court shall, where the accused person is convicted, order that the sample or samples be stored in a databank for dangerous sexual offenders and where the accused person is acquitted, order that the sample or samples be destroyed.

(4) The dangerous sexual offenders databank referred to in subsection (3) shall be kept for such purpose and at such place and shall contain such particulars as may be determined by the Minister.

(5) Where a court has given directions under subsection (1), any medical practitioner or designated person shall, if so requested in writing by a police officer above the rank of a constable, take an appropriate sample or samples from the accused person concerned.

(6) An appropriate sample or samples taken in terms of subsection (5)—

(a) shall consist of blood, urine or other tissue or substance as may be determined by the medical practitioner or designated person concerned, in such quantity as is reasonably necessary for the purpose of gathering evidence in ascertaining whether or not the accused person committed an offence or not; and

(b) in the case of blood or tissue sample, shall be taken from a part of the accused person's body selected by the medical practitioner or designated person concerned in accordance with accepted medical practice.

(7) Without prejudice to any other defence or limitation that may be available under any law, no claim shall lie and no set-off shall operate against—

(a) the State;

(b) any Minister; or

(c) any medical practitioner or designated persons,

in respect of any detention, injury or loss caused by or in connection with the taking of an appropriate sample in terms of subsection (5), unless the taking was unreasonable or done in bad faith or the person who took the sample was culpably ignorant and negligent.

(8) Any person who, without reasonable excuse, hinders or obstructs the taking of an appropriate sample in terms of subsection (5) shall be guilty of an offence of obstructing the course of justice and shall on conviction be liable to imprisonment for a term of not less than five years or to a fine of not less than fifty thousand shillings or to both.

**37. Keeping scene of crime secure, etc.**

(1) Any person who intentionally interferes with a scene of crime or any evidence relating to the commission of an offence under this Act is guilty of an offence and is liable upon conviction to imprisonment for a term of not less than three years or to a fine of one hundred thousand shillings or to both.

(2) Interference referred to in subsection (1) includes but is not limited to—

(a) tampering with a scene of crime;

(b) interference or intimidation of witnesses; and

(c) any other act or omission that would hinder or obstruct investigations or materially misrepresent any evidence.

**38.** Deleted by Act No. 12 of 2012, Sch.

**39. Supervision of dangerous sexual offenders**

(1) A court may declare a person who has been convicted of a sexual offence a dangerous sexual offender if such a person has—

(a) more than one conviction for a sexual offence;

(b) been convicted of a sexual offence which was accompanied by violence or threats of violence; or

(c) been convicted of a sexual offence against a child.

(2) Whenever a dangerous sexual offender has been convicted of a sexual offence and sentenced by a court to imprisonment without an option of a fine, the court shall order, as part of the sentence, that when such offender is released after serving part of a term of imprisonment imposed by a court, the prisons department shall ensure that the offender is placed under long-term supervision by an appropriate person for the remainder of the sentence.

(3) For purposes of subsection (2), long term supervision means supervision of a rehabilitative nature for a period of not less than five years.

(4) A court may not make an order referred to in subsection (2) unless the court has had regard to a report by a probation officer, social worker, or other persons designated by the court for the purposes of this section as such, which report shall contain an exposition of—

(a) the suitability of the offender to undergo a long-term supervision order;

(b) the possible benefits of the imposition of a long-term supervision order on the offender;

(c) a proposed rehabilitative programme for the offender;

(d) information on the family and social background of the offender;

(e) recommendations regarding any conditions to be imposed upon the granting of a long-term supervision order; and

(f) any other matter directed by the court.

(5) An order referred to in subsection (2) shall specify—

(a) that the offender is required to take part in a rehabilitative programme;

(b) the nature of the rehabilitative programme to be attended;

(c) the number of hours per month that the offender is required to undergo rehabilitative supervision; and

(d) that the offender is required, where applicable, to refrain from using or abusing alcohol or drugs.

Sexual Offences

(6) An order referred to in subsection (2) may specify that the offender is required to—

(a) refrain from visiting a specified location;

(b) refrain from seeking employment of a specified nature; and

(c) subject himself or herself to a specified form of monitoring.

(7) A long-term supervision order made by a court in terms of this section shall be reviewed by that court within three years from the date on which the order was made or within such shorter period as the court may direct upon referral by the Commissioner of Prisons of such an order to that court for review.

(8) Upon making a long-term supervision order in terms of this section, the court shall explain to the victim, including the next of kin of a deceased victim, that they have the right to be present at the review proceedings referred to in subsection (7) and may make representations.

(9) A court which has granted a long-term supervision order in terms of this section may, upon evidence that a dangerous sexual offender has failed to comply with the order or with any condition imposed in connection with such order, direct that such an offender be—

(a) ordered to appear before that court or another court of similar or higher jurisdiction at a specified place and on a specified date and time; or

(b) arrested and brought before such court.

(10) Upon the appearance of a dangerous sexual offender at a court pursuant to the provisions of subsection (9), the court shall direct the accused person to show cause for failure to comply with a long-term supervision order or with any condition imposed in connection with such order and the court may—

(a) confirm the original order and any conditions imposed in connection with such order;

(b) vary or withdraw such order or any conditions imposed;

(c) impose an additional condition or conditions; or

(d) make any other order as the court deems fit.

(11) If a court has directed that a dangerous sexual offender is required to take part in a rehabilitative programme contemplated in this section, the court may order that the offender, upon being found by the court to have adequate means, shall contribute to the costs of such programme to the extent specified by the court.

(12) A person who has been declared a dangerous sexual offender and who does not comply with a supervision order in accordance with this section is guilty of an offence and is liable upon conviction to imprisonment for a term of not less than three years or to a fine of not less than fifty thousand shillings or to both.

(13) A register for convicted sexual offenders shall be maintained by the Registrar of the High Court and any person who has reasonable cause to so examine it may examine the register.

---

Sexual Offences

**40. Attorney-General to decide whether police investigations should be discontinued**

The decision as to whether the prosecution or investigation by any police officer of a complaint that a sexual offence has been committed should be discontinued shall rest with the Attorney-General.

**41. Extra-territorial jurisdiction**

(1) A person who, while being a citizen of, or permanently residing in Kenya, commits an act outside Kenya which act would constitute a sexual offence had it been committed in Kenya, is guilty of such an offence and is liable to the same penalty prescribed for such offence under this Act.

(2) A person may not be convicted of an offence contemplated in subsection (1) if such a person has been acquitted or convicted in the country where that offence was committed.

**42. Consent**

For the purposes of this Act, a person consents if he or she agrees by choice, and has the freedom and capacity to make that choice.

**43. Intentional and unlawful acts**

(1) An act is intentional and unlawful if it is committed—

(a) in any coercive circumstance;

(b) under false pretences or by fraudulent means; or

(c) in respect of a person who is incapable of appreciating the nature of an act which causes the offence.

(2) The coercive circumstances, referred to in subsection (1)(a) include any circumstances where there is—

(a) use of force against the complainant or another person or against the property of the complainant or that of any other person;

(b) threat of harm against the complainant or another person, or against the property of the complainant or that of any other person; or

(c) abuse of power or authority to the extent that the person in respect of whom an act is committed is inhibited from indicating his or her resistance to such an act, or his or her unwillingness to participate in such an act.

(3) False pretences or fraudulent means, referred to in subsection (1)(b), include circumstances where a person—

(a) in respect of whom an act is being committed, is led to believe that he or she is committing such an act with a particular person who is in fact a different person;

(b) in respect of whom an act is being committed, is led to believe that such an act is something other than that act; or

(c) intentionally fails to disclose to the person in respect of whom an act is being committed, that he or she is infected by HIV or any other life-threatening sexually transmittable disease.

(4) The circumstances in which a person is incapable in law of appreciating the nature of an act referred to in subsection (1) include circumstances where such a person is, at the time of the commission of such act—

(a) asleep;

(b) unconscious;

(c) in an altered stated of consciousness;

(d) under the influence of medicine, drug, alcohol or other substance to the extent that the person's consciousness or judgment is adversely affected;

(e) mentally impaired; or

(f) a child.

(5) This section shall not apply in respect of persons who are lawfully married to each other.

**44. Evidential presumptions about consent**

(1) If in proceedings for an offence under this Act, it is proved—

(a) that any of the circumstances specified in subsection (2) existed; and

(b) that the accused person knew that those circumstances existed.

the complainant is to be taken not to have consented to the act unless sufficient evidence is adduced to raise an issue as to whether he or she consented, and the accused is to be taken not to have reasonably believed that the complainant consented unless sufficient evidence is adduced to raise an issue as to whether he or she reasonably believed it.

(2) The circumstances are that—

(a) any person was, at the time of the offence or immediately before it began, using violence against the complainant or causing the complainant to fear that immediate violence would be used against him;

(b) any person was, at the time of the offence or immediately before it began, causing the complainant to fear that violence was being used, or that immediate violence would be used, against another person;

(c) the complainant was, and the accused was not, unlawfully detained at the time of the commission of the act;

(d) the complainant was asleep or otherwise unconscious at the time of the commission of the act;

(e) because of the complainant's disability, the complainant would not have been able at the time of the commission of the act to communicate to the accused whether the complainant consented;

(f) any person had administered to or caused to be taken by the complainant, without the complainant's consent, a substance which, having regard to when it was administered or taken, was capable of causing or enabling the complainant to be stupefied or overpowered at the time of the commission of the act.

(3) In subsection (2)(a) and (b), the reference to the time immediately before the act is, in the case of an act which is one of a continuous series of sexual activities, a reference to the time immediately before the first sexual activity began.

**45. Conclusive presumptions about consent**

(1) If in proceedings under this Act, it is proved that the accused person committed any offence and that any of the circumstances specified in subsection (2) existed, it is to be conclusively presumed—

(a) that the complainant did not consent to the commission of that act and

(b) that the accused person did not believe that the complainant consented to the act being complained of.

(2) The circumstances are that—

(a) the accused person intentionally deceived the complainant as to the nature or purpose of the act complained of.

(b) the accused person intentionally induced the complainant to consent to the act complained of by impersonating a person known personally to the complainant.

**46. National policy framework**

The Minister shall—

(a) prepare a national policy framework to guide the implementation, and administration of this Act in order to secure acceptable and uniform treatment of all sexual related offences including treatment and care of victims of sexual offences;

(b) review the policy framework at least once every five years; and

(c) when required, amend the policy framework.

**47. Regulations**

The Minister may, in consultation with the Ministers for the time being responsible for matters relating to Internal Security, Prisons, Social Services, Education and Health, make regulations regarding—

(a) any matter which is required or permitted by this Act to be prescribed by regulations;

(b) the inter-sectoral implementation of this Act; and

(c) any other matter which is necessary or expedient to prescribe in order to achieve or promote the objects of this Act.

**47A. Chief Justice may make rules**

The Chief Justice may make rules of Court for the implementation of this Act. [Act No. 7 of 2007, Sch.]

**48. Transitional provisions**

The provisions of the First Schedule shall apply.

Case 5:10-cr-00319-SMH-MLH   Document 1032-2   Filed 03/11/22   Page 19 of 26 PageID #: 5250

**49. Consequential amendments and repeals**

The Acts identified in the Second Schedule are amended in the manner set out in the Schedule.

FIRST SCHEDULE
[Section 48, Act No. 7 of 2007, Sch.]
TRANSITIONAL PROVISIONS

1. Notwithstanding the provisions of any other Act, the provisions of this Act shall apply with necessary modifications upon the commencement of this Act to all sexual offences.

2. For greater certainty, the provisions of this Act shall supersede any existing provisions of any other law with respect to sexual offences.

3. Any proceedings commenced under any written law or part thereof repealed by this Act shall continue to their logical conclusion under those written laws.

SECOND SCHEDULE
[Section 49.]
CONSEQUENTIAL AMENDMENTS AND REPEALS

(1) This paragraph amends the Penal Code (Cap. 63).

(2) Sections 139, 140, 141, 142, 143, 144, 145, 147, 148, 149, 161, 164, 166, 167 and 168 of the Penal Code are repealed.

(1) This paragraph amends the Evidence Act (Cap. 80).

(2) Section 124 of the Evidence Act is amended deleting the words "a child of tender years who is" and substituting therefor the words "alleged victim" and by deleting the word "child" wherever it appears thereafter and substituting therefor the words "alleged victim".

(3) Section 127 of the Evidence Act is amended in subsection (3) by repealing paragraph (b) and substituting therefor the following new paragraph—

"(b) with offences under the Sexual Offences Act".

(1) This paragraph amends the Criminal Procedure Code.

(2) Section 184 of the Criminal Procedure Code is repealed and replaced with the following new section—

"184. Charge of rape

Where a person is charged with rape and the court is of the opinion that he is not guilty of that offence but that he is guilty of an offence under one of the sections of the Sexual Offences Act, he may be convicted of that offence although he was not charged with it.".

(3) Section 185 of the Criminal Procedure Code is repealed and replaced with the following new section—

"(b) with offences under the Sexual Offences Act."

(4) Section 186 of the Criminal Procedure Code is repealed and replaced with the following new section—

"186. When a person is charged with the defilement of a girl under the age of fourteen years and the court is of the opinion that he is not guilty of that offence but that he is guilty of an offence under the Sexual Offences Act, he may be convicted of that offence although he was not charged with it.".

## IDENTIFICATION OF REQUESTOR

NAME: BRIAN MUSOMBA MAWELL     CERTIFIED MAIL NO.

ALIAS: _____ CATFISH

DATE OF BIRTH: AUGUST 14ᵗʰ 1963

REG. NO.: 17362 - 035

ADDRESS: TUCSON UNITED STATES

PENITENTIARY.

P.O BOX 24550

TUCSON, AZ 85734

TO: U·S Dept of Justice (Attn Sean R o'Neill)

Office of Information policy

6ᵗʰ Floor, 441 G Street NW

Washington DC 20001

RE:     FREEDOM OF INFORMATION ACT (U.S.C. 552), PRIVACY ACT (5 U.S.C. 552 a (d) (1))
Request: EXEMPTIONS (5 U.S.C. 552 (c) (1)), GENERAL (U.S.C. 552 a (j) (2)) OR
SPECIFIC (U.S.C. 552 a (k) (2)) NOT APPLICABLE TO THIS REQUEST.

Dear Sir/Ms.:

This letter will serve as my request pursuant to the provisions of the Freedom of Information Act (5
U.S.C. 552) and the Privacy Act (5 U.S.C. 552a (d) (1)), and the applicable State Statutes governing
Freedom of Information Requests if state agency request, for full disclosure and release of all records
and / or data contained in the files of your agency, and specifically under my name and / or an
identifier assigned to my name. The records sought but not limited to, is the compiled file containing
(1) arrest records, (2) investigation and / or investigatory reports, (3) reports or evidentiary and / or
scientific information findings, (4) wants, warrants, and / or detainers, (5) final and closing
investigation reports; and (6) any and / or all information, data, or reports not otherwise exempt by
statute (5 U.S.C. 552 (c) (1)), (5 U.S.C. 552 a (j) (2), (k) (2), or law, Tarlton v. Saxbe, 507 F.2d. 1116.
165 U.S. App. D.C. 293 (1974), Menard v Saxbe, 498 F.2d. 1017, 162 U.S. App. D.C. 284 (1974),
Sullivan v. Murphy, 478 F.2d. 938, 156 U.S. App. D.C. 28 (1973). Your Agency is advised that the
investigation reports in toto are no longer accorded exempt status unless under the specific exemption
noted, and only with reference to specific citation of authority, Paton v. La Prade, 524 F.2d. 862, 868-
69, (CA3 1975).

SPECIFIC REQUESTS: EVIDENTIARY INFORMATION.

Hard copies of messages posted on Dream board
public and private message boards by catfish,
criminal case 10-CR-00319-11, United States District
court, western district of louisiana, shreveport.

Screen shots of Goldberg Pictures video showing logo
of Nubian female holding a whip.

It is further requested that your Agency in response to the material requested specifically inform me if and to whom the file and / or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. 552 a (d) (1)), Paton v. La Parde, 524 F.2d. 862 (CA3 1975), Tarlton v. Saxbe, 507 F.2d. 1116, 165 U.S. App. D.C. 293 (1974).

It is further requested that your Agency provide me with a copy of specific regulations of your Department as provided by statute (5 U.S.C. 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.).

If and for any reason you choose not to send me any of the documents or papers requested, then please provide me with a "Vaughn Index" as set forth in Vaughn v. Rosen, 484 F.2d. 820 (D.C. Cir. 1973).

If and for any reason it is determined that portions of the material and records sought is exempt by statute (5 U.S.C. 552 (c) (1), 552 a (j) (2), (k) (2) or by regulation (Menard v. Mitchell, 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), Nemetz v. Department of Treasury, 446 F. Supp.102, (N.D. Ill. 1976)), I request specific citation to authority for such deletion, Chastain v. Kelly, 510 F. 2d. 1232 (D.C. Cir. 1975). I further agree to pay any reasonable costs, or file IN FORMA PAUPERIS if I am indigent, provided by statute or regulation of your agency, for search and copying of the material requested.

Pursuant to Title 5 U.S.C. 552 (d) (A), it is noted that your Agency has twenty (20) working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulations and the date as to when your Agency will be able to act upon request.

Yours truly,

Dated: Nov 15ᵗʰ 2021

-2-



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

New FOIA request Made on Dec 25ᵗ 2021,
to EOUSA, Sent on 27ᵗ Dec 2021'

December 8, 2021    Via Prison
                    Legal Mail
                    System

Brian Maweu
Reg. No. 17362-035
USP Tucson
P.O. Box 24550                  Re:   FOIA-2022-00460
Tucson, AZ 85734                      DRH:MSH

Dear Brian Maweu:

This responds to your Freedom of Information Act request dated November 15, 2021, and received in this Office on December 3, 2021 seeking records concerning a federal case.

Your request has been received by the Office of Information Policy (OIP) of the United States Department of Justice, which processes Freedom of Information Act (FOIA) and Privacy Act (PA) requests for records it maintains as well as records maintained by the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Public Affairs, Legislative Affairs, and Legal Policy. OIP also adjudicates administrative appeals of denials of FOIA/PA requests made to the Department. This Office maintains the case files for the initial requests and administrative appeals it processes.

Please be advised that the FOIA provides a right of access to federal agency records that exist and can be located in federal agency files. The FOIA does not require agencies to conduct research for you, to analyze data, to answer questions, or to create new records in response to a FOIA request. Moreover, the FOIA does not apply to records that are maintained by states, counties, or cities, or by the legislative or judicial branches of the government.

For your information, the FOIA operation for both the Department of Justice and the federal government is decentralized and each Department component and federal entity maintains and handles FOIA requests for its own records. Accordingly, you need to direct your letter to the office(s) you believe have records pertaining to the subject of your request. Additional information regarding the federal governments administration of the FOIA, including a listing of FOIA contact information, is available at www.foia.gov. Based on the information you have provided, you may want to direct your request to the Executive Office for

**U.S. Department of Justice**

Executive Office for United States Attorneys

Freedom of Information and Privacy Staff

*Suite 5.400, 3CON Building*
*175N Street, NE*
*Washington, DC 20530*

*(202) 252-6020*

January 26, 2022

VIA

Brian Maweu
#17362-035
USP, P.O. Box 24550
Tucson, AZ 85734

> Re: Request Number: EOUSA-2022-000953
> Subject of Request: Self/LAW

Dear Brian Maweu:

This letter acknowledges receipt of your Freedom of Information Act/**Privacy Act** (FOIA) request in the Executive Office for United States Attorneys (EOUSA). Your request has been assigned the above tracking number. Please refer to this number in any future correspondence with this Office.

*Please be advised that due to necessary operational changes as a result of the national emergency concerning the novel coronavirus disease (COVID-19) outbreak, there may be some delay in the processing of your request.*

The records you seek require a search in one or more field offices and potentially involves voluminous records and/or requires consultation with another agency/component with a substantial interest in the subject-matter and therefore falls within "unusual circumstances." *See* 5 U.S.C.S § 552(a)(6)(B)(i)-(iii). Accordingly, we are extending the time limit to respond to our request beyond the ten additional days provided by the statute. The time needed to process your request will necessarily depend on the complexity of our records search and on the volume and complexity of any records located. For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Simple requests usually receive a response in approximately 30 business days, whereas complex requests necessarily take longer. At this time, your request has been assigned to the complex track.

Under FOIA and Department of Justice regulations you may be required to pay certain

costs associated with processing your request, including, searching for, reviewing, and duplicating requested records. Consequently, you may incur those costs, unless you have requested and been granted a waiver or reduction in fees. If you have requested a fee waiver, we have not yet made a decision on your request. We will do so after we determine whether the processing of your request will result in any assessable fees. In most instances, the first 100 pages to duplicate and the first two hours to search for records responsive to your request, will be provided to you free of charge. If after making those allowances, we determine that the cost to process your request will amount to more than $25.00, we will notify you in writing at a later date.[1] Requests that are specific, concrete and of limited scope (in time and/or subject matter) generally enable us to respond to you more quickly and possibly assess lower fees. To avoid delay and reduce any potential fees, we respectfully request that you modify and narrow the scope of your request (*See* Attachment).

You may contact our FOIA Public Liaison at the Executive Office for United States Attorneys (EOUSA) for any further assistance and to discuss any aspect of your request. The contact information for EOUSA is 175 N Street, NE, Suite 5.400, Washington, DC 20530; telephone at 202-252-6020. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Kevin Krebs
Assistant Director

Attachment



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff

*Suite 5.400, 3CON Building*
*175 N Street, NE*
*Washington, DC 20530*

*(202) 252-6020*
*FAX (202) 252-6048*

February 3, 2022

Brian Maweu
#17362-035
USP, P.O. Box 24550
Tucson, AZ 85734

Request Number:     EOUSA-2022-000953
Subject of Request:    Criminal Case Number 10-cr-00319-SMH-MLH-11 (Self)

Dear Brian Maweu:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Office.

To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ ] partial [ x ] full denial.

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

    b7(A)

This is the final action on this above-numbered request. If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

You may contact our FOIA Public Liaison at the Executive Office for United States Attorneys (EOUSA) for any further assistance and to discuss any aspect of your request. The contact information for EOUSA is 175 N Street, NE, Suite 5.400, Washington, DC 20530; telephone at 202-252-6020; or facsimile 202-252-6048. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Kevin Krebs
Assistant Director

Enclosure(s)

Form No. 021nofee – 12/15