UNITED STATES OF AMERICA

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 5:10-CR-00319-11 |
| | * | CIVIL NO. 5:22-CV-00702 |
| | * | |
| VERSUS | * | JUDGE HICKS |
| | * | |
| | * | |
| BRIAN MUSOMBA MAWEU (11) | * | MAGISTRATE JUDGE HORNSBY |

**RESPONSE BY THE UNITED STATES TO
DEFENDANT'S MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

NOW INTO COURT, comes the United States of America, through the undersigned Assistant United States Attorney, who pursuant to this Court's Order files this response to the defendant's motion to vacate, set side, or correct sentence pursuant to 28 U.S.C. § 2255 (Rec. Doc. 1032), and respectfully requests that the defendant's motion be denied for the foregoing reasons:

**INTRODUCTION**

The defendant's § 2255 motion, which raises issues the Fifth Circuit has considered frivolous, is successive and should be dismissed or transferred to the United States Court of Appeals for the Fifth Circuit because the defendant has not obtained authorization from the Fifth Circuit to file this motion. Even if not successive, this motion has been untimely filed.

## PROCEDURAL HISTORY

On November, 9, 2011, Maweu was charged in a fourth Superseding Indictment with one count of engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g) (Count 1); one count of conspiracy to advertise the distribution of child pornography, in violation of 18 U.S.C. §§ 2251(d)(1) and (e) (Count 2); one count of conspiracy to distribute child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1); and one count of forfeiture, pursuant to 18 U.S.C. §§ 2253(a)(3) (Count 5). (Rec. Doc. 506). On April 9, 2015, pursuant to a written plea agreement, Maweu pleaded guilty to Count 1 of the Indictment. (Rec. Docs. 822, 824). On September 28, 2015, the Court sentenced Maweu to life in prison, and to be followed by a lifetime term of supervised release. (Rec. Doc. 834).

The United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence on September 9, 2016. (Rec. Doc. 869). On September 8 and 22, 2016, the defendant filed a motion to vacate, correct, or set aside sentence under 28 U.S.C. § 2255 and supporting memorandum. (Rec. Docs. 869, 872). On September 11, 2019, the Court denied the § 2255 motion. (Rec. Docs. 961, 962). While that first § 2255 motion was pending, the defendant filed a request for authorization to file a successive § 2255 motion in the Fifth Circuit, which was denied as premature on August 24, 2018. (Ex. A).

On December 16, 2019, the United States Court of Appeals for the Fifth Circuit denied the defendant's second motion for leave to file a successive § 2255 motion. (Ex. B). He presented the same issues raised in the instant motion. Claiming that

child pornography is part of his religion, he argued ineffective assistance of counsel, an involuntary guilty plea and invalid conviction. After rejecting his request for permission to file a successive § 2255 motion on those grounds, the Fifth Circuit added, "In addition, Maweu's challenges to the legality of his conviction and sentence are wholly frivolous." The defendant was warned about repercussions of "future frivolous, repetitive, or otherwise abusive filings." (Ex. B). The defendant filed the instant § 2255 motion on March 11, 2022. (Rec. Doc. 1032).

## OFFENSE CONDUCT

The defendant's conduct was summarized by the United States Court of Appeals for the Fifth Circuit as follows:

> Maweu was a high-ranking member of, and major contributor to, the Dreamworks bulletin board, an online forum for sharing child pornography. Maweu's contributions included posting more than 100 videos containing child exploitation-many self-produced-as well as paying the costs of hosting the Dreamboard website. In addition, Maweu ran the "My African Girls" website and produced "The Goldberg Series," both of which contained dozens of videos depicting Maweu's own molestation of underage Kenyan girls. Noting his violent and repetitive sexually exploitive behavior, the district court described Maweu as the most culpable of the many Dreamboard defendants and "by far the worst" exploiter of children it has ever seen.

Rec. Doc. 869, at 3.

## ARGUMENT

***This successive § 2255 motion should be dismissed or transferred to the United States Court of Appeals for the Fifth Circuit***.

The United States maintains that this Court does not have jurisdiction to consider this motion, which is a second or successive § 2255 motion, for the defendant has not obtained a certificate from the United States Court of Appeals for the Fifth

Circuit to file a successive Section 2255 motion. (28 U.S.C. § 2255; 28 U.S.C. § 2244). *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (discussing "second or successive"); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (holding that district court did not have jurisdiction to consider successive Section 2255 absent authorization from court of appeals); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (holding that § 2241 motion was a successive § 2255 motion which the district court did not have jurisdiction to consider without prior authorization from court of appeals).

The defendant must receive authorization from the Court of Appeals before he can file a successive § 2255 motion in the district court. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) ("A prisoner must seek authorization from this Court before a second or successive § 2255 motion may be filed in the district court."). Therefore, this motion to vacate a sentence under 28 U.S.C. § 2255 should be dismissed without prejudice or transferred to the Court of Appeals, as permission has not been obtained from the Court of Appeals to file a successive motion. *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (explaining procedure for transfer of successive Section 2255 to the court of appeals).

The defendant claims that this motion is not successive because the Court should not have converted his previous post-conviction motion into a § 2255 motion without notifying him of the recharacterization and of the effects of that recharacterization on subsequently filed § 2255 motions. The defendant relies on *Castro v. United States*, 540 U.S. 375, 383 (2003) providing that when a district court

recharacterizes a defendant's *pro se* motion as a first § 2255 motion, it "must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." If those warnings are not provided, that motion cannot be considered a § 2255 motion for the purpose of applying the restrictions to successive § 2255 motions. *Id.*

The *Castro* warnings apply in situations in which federal courts "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Id.* at 381. Thus, *Castro* applies to cases in which the litigant's filing does not bear the label of a § 2255 motion and is recharacterized by the district court as a § 2255 motion. *United States v. Cisneros*, 755 F. App'x 422, 424 (5th Cir. 2019) (finding that a district court should have provided a defendant with a *Castro* warning before recharacterizing as Rule 60(g) as a § 2255 motion).

*Castro* is not germane because the defendant's motion was labeled by the defendant as a § 2255 motion and treated accordingly. In *United States v. Wilson*, 545 F. App'x 714, 715 (10th Cir. 2013), as in the case at bar, the defendant filed a motion labeled as a § 2255 motion and, thus, there was no need for the district court to provide the defendant with the notice delineated in *Castro*.

The defendant's post hoc assertions that he did not file a § 2255 motion are not supported by the record. He referred to the document that he filed as a § 2255 motion. (Rec. Doc. 870). The memorandum was labeled as pertaining to a § 2255 motion and submitted in the pre-printed form for § 2255 motions. (Rec. Doc. 872). In the numerous letters he sent to the Court, he referred to the motion as "my § 2255 motion." (Rec. Docs. 873-2, 879, 897, 900, 908, 931). In one letter, he stated that "my motion is to correct a sentence, not to vacate or set aside." However, there is no indication that he was not pursuing relief under § 2255, and in later correspondence and filings, he continued to refer to § 2255. (Rec. Doc. 874). In responses to the government's answer, he referred to his motion as "my § 2255 motion." (Rec. Docs. 895, 896, 903, 907).

While that first § 2255 motion was pending, the defendant filed a request for authorization to file a successive § 2255 motion in the Fifth Circuit, which was denied as premature (Ex. A). In letters and motions filed in the district court while he was in the process of preparing that request, he referred to "my second § 2255 motion." (Rec. Docs. 933, 934, 953, 955, 959).

The defendant, therefore, labeled his motion as a § 2255 motion. This was not an instance in which a defendant mislabeled a motion that the district court recharacterized as a § 2255 and, thus, to which the *Castro* notice applies.

### *Even if this motion is not successive, it is untimely.*

Even if this motion is not considered successive, it is untimely. Motions filed under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. This period runs from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The defendant's conviction became final ninety days after September 9, 2016, when the time for filing a timely petition for certiorari expired. (Rec. Doc. 869). *Clay v. United States*, 537 U.S. 522, 527, (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); *United States v. Gamble* 208 F.3d 536, 537 (5th Cir. 2000) (concluding that where defendant seeks appellate review, conviction becomes final upon the expiration of defendant's time for filing a timely petition for certiorari (ninety days)). Thus, he had one year and ninety days from September 9, 2016, to file a § 2255 motion. The instant motion is untimely.

This motion does not fall within the ambit of the other clauses of 28 U.S.C. § 2255(f). The frivolous claims he presents would have been available to him within one year of his convictions.

## CONCLUSION

This motion should be dismissed and/or transferred to the United States Court of Appeals for the Fifth Circuit. Even if not successive, this frivolous motion has been untimely filed.

Respectfully submitted,

BRANDON B. BROWN
United States Attorney

BY: *s/ Cristina Walker*

CRISTINA WALKER (#8497)
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, LA 71101-3068
(318) 676-3600

8

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Response by the United States to Defendant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the *pro se* defendant by placing a copy of same in the United States Mail as follows:

    Mr. Brian Musomba Maweu
    #17362-035
    USP – Tucson
    P. O. Box 24550
    Tucson, AZ 85734.

Shreveport, Louisiana, this the 3rd day of May, 2022.

                Respectfully submitted,

                BRANDON B. BROWN
                United States Attorney

BY:   *s/ Cristina Walker*

                CRISTINA WALKER (#8497)
                Assistant United States Attorney
                300 Fannin Street, Suite 3201
                Shreveport, LA 71101-3068
                (318) 676-3600