United States District Court
Western District of Louisiana
Shreveport.

10-cr-319-11

RECEIVED
MAY 24 2022
TONY R MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

Brian Musomba Mawen (Petitioner)

v.                    Case # 22-CV-00702

United States of America (Respondent)


Reply to Government response

Now in Court comes Brian Musomba Mawen filing his pro se reply to the governments response to his 22-CV-00702 motion for Habeas Corpus 28 USC 2255.

INTRODUCTION

The governments response to petitioners motion is debatable at best and if adopted will deny petitioner his constitutional right to free exercise of his religion in his native land of Kenya. It should be dismissed and the government ordered to respond to its merits, or take other appropriate action

1 [insert]

FOOTNOTES.

For the convenience of court, in case petitioners footnotes are unreadable, they are copied below.

Footnote 1 on page 2.

'Docket sheet for 10-CR-0319-11'

Footnote 2 on page 7.

'These are 'sovereign citizen' cases see Patten V Lown U.S Dist lexis 248525 (11 cir 2021) under 'Discussion''

Footnote 3 on Page 8

'If petitioners assertions that his conduct was religious are found to be true and that his conviction and imprisonment was not the least restrictive, he would be entitled to relief under RFRA.'

Footnote 4 on page 9

'Part of petitioners propagation is to make his religious writings available at twitter under the @kundilakhufu account.'

> THERE IS NO SUCH THING AS THE LAST PROPHET.
> JOEL 2:28 "Then after doing all those things I will pour out my spirit upon all people. Your sons and daughters will prophesy. Your old men will dream dreams and your young men will see visions". This is also the return of the spirit of ancient egypt to the indigenous african as is the purpose of Kundi la Khufu.

Kundi la Khufu is led by Nebertcher, who is not human but rather the supreme God and Goddess of both the spiritual and physical universes. Therefore it may be registered as a Religion, but not as an organization or entity requiring chairman etc.

Kikundi's are formed by mkugenzi's therefore may be registered as companies, organizations, societies or any entities requiring chairman. The mkugenzi becoming that chairman.

Remember your life is your mindset. The wide gate (i.e empires of the mind) promise satanic a.k.a pathological mindsets as can be seen in the world and its problems. However the narrow gate (i.e Nebertchers mystic graces) promise edenic a.k.a wholesome mindsets as is the purpose of Kundi la Khufu culture. Another word for the 'wide gate' is 'Mainstream'. The narrow gate may not be as popular, or easy to navigate as the wide gate, but its the only one that offers the best of life experiences for an eternity.*

The Symbol ⃞ ⃞⃞ is Khufu script meaning KLK abbreviation for Kundi la Khufu.

---

* When Rome first fell, its territories in Europe descended into the dark ages. An informal republic of Africa will prevent africa suffering the same when the new Rome (western civilization) falls as prophesised.

2

## ARGUMENT.

1) DOCKET ENTRY 870 is incorrect and in itself a recharacterization.

The first paragraph of page 6 in governments response states in part

> 'Defendants post hoc assertion that he did not file a § 2255 motion are not supported by the record...'.

The record refered to is docket entry 870.① However, it is an incorrect docket entry. Petitioner filed a letter and attachments to that letter. It appears the court reversed the order and made or entered the letter as an attachment and the attachments to that letter as the motion.

The law dictionary in BOP computerized law liblary defines a motion as

> 'an application to a court, by the parties or their counsel, for a rule or order, either in the

---

① Docket sheet for 10-CR-0319-11

3

progress of a lawsuit, or summarily, e.g. a motion for a writ of habeas corpus....

In docket entry 870 petitioner filed a letter and attachments to that letter. The application to the court by petitioner was the letter. It contained two requests:

1) That petitioner be appointed counsel to assist him prepare a § 2255 motion
2) That the attachments to that letter be given to counsel.

Even if the attachments were labled as a § 2255, the letter instructed the court that they were intended for counsel if so appointed, and not the court. Therefore the attachments did not constitute an application to the court by petitioner for a writ of habeas corpus 28 USC 2255. Docket entry 870 should have been entered as a request for appointment of counsel and either dismissed by the court or such counsel appointed and given the attachments.
The application to the court for a writ of habeas corpus 28 USC 2255 was not made by

4

petitioner but by the court, therefore it does not fit the legal definition of a motion unless a castro warning was issued and petitioner accepted the recharacterized motion.

In the BOP computerized law dictionary the definition for the word 'court' is

'an institution for the resolving of disputes'.

The court clerk is part and parcel of that institution, therefore an incorrect docket entry by court clerk is a recharacterization by the court. Petitioners request for the court to appoint counsel to assist him make a § 2255 motion was recharacterised as a request to the court for a writ of habeas corpus 28 USC 2255, without issuing a castro warning. Based on the incorrect docket entry 870, the court proceeded to order the government to respond to the alleged § 2255 motion within 60 days. See docket entry 871. Again, No castro warning issued.

Without the benefit of a castro warning about the consequences of accepting the

5

recharacterization of his request for appointment of counsel into a motion for writ of habeas corpus 28 USC 2255, petitioner proceeded to accept the recharacterization in all subsequent letters and motions. He even filed the preprinted form for a § 2255 motion and a memorandum in which he mentioned that his first filing was for appointment of counsel but that he has since learned he is not entitled to one. See docket entry 872.

Since 16-CV-01273 was a recharacterization of petitioners request for appointment of counsel without giving petitioner the benefit of a castro warning, it does not qualify as a first § 2255 for the purpose of applying the rules of second successive § 2255 motions.

22-CV-00702 is therefore not a second successive motion.

In United States v Wilson 545 F. App'x 714, 715 (10th Cir. 2013) the defendant, as the government indicates, filed a motion labeled as a § 2255 motion. In petitioners case, the motion was a letter requesting appointment of counsel. There was no incorrect docket entry in United States v Wilson.

2) Petitioners motion is neither frivolous nor barred by statutes of limitations.

United States v. Curry U.S Dist lexis 165623 (5th Cir 2015) stated, in part, the following (under II LEGAL STANDARD, second paragraph).

"The district court must first conduct a peliminary review of a section 2255 motion. "if it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion...." Rule 4(b), 28 U.S.C. foll. § 2255. If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action.'

Since the government was ordered to respond to 22-CV-00702, it follows petitioners motion is non frivolous.
In the second paragraph of the introduction section of governments response, the government claimed petitioners motion 'raised issues the

7

fifth circuit has considered frivolous". There were 9 grounds raised and four of them are routinely dismissed by federal courts. None of them were raised in 22-cv-00702, because they are routinley dismissed as frivolous[2] by federal court and petitioner was warned about raising frivolous issues. In addittion, the newly discovered evidence submitted were the books he wrote about his religious beliefs while he was incarcerated at Pollock USP. They did not meet the requirements of § 2255(h) therefore his application for second successive § 2255 was dismissed as wholly frivolous.

In 22-cv-00702, petitioner raises issues pertaining to the Meyers test of religiousity. He did not raise Meyers in his application for second successive § 2255. In addittion, he has included new evidence, not previously submitted, ~~not her~~ of his actual innocence. 22-cv-00702 is not frivolous. Movant alleges facts that if true would entitle him to relief.

In Diaz-Lopez v United States U.S Dist Lexis 181198 (11th cir 2021) the court determined or stated

---

[2] These are 'sovereign citizen' cases. See Patten v Lown U.S Dist Lexis 248525 (11th cir 202) under 'Discussion'.

8

"Taken together, an appeal on these grounds would be frivolous. Because Movant does not allege facts that, if true, would entitle her to relief..."

In Clark v United States U.S Dist Lexis 195101 (11th Cir 2021) the court stated

"The court finds that Clark has not demonstrated that he is entitled to relief under Strickland. In fact, his claim in this regard is wholly frivolous."

Frivolous motions are generally not entitled to relief because facts alleged are not the kind that if true would entitle movant to relief. 22-CV-00702 is not one of them. ③

In addittion, even if petitioners motion was untimely, the statute of limitations was overcome by presenting credible and reliable new evidence supporting his actual innocence claim. He argues factual innocence, not mere legal insufficiency. He does not argue that the government did not present enough evidence to find him guilty.

③ If petitioners assertions that his conduct was religous are found to be true and that his conviction and imprisonment were not the least restrictive, he would be entitled to relief under the RFRA (Religious Freedom Restoration Act)

8 [Insert 1]

To provide some background on petitioners legal issues with the U.S.A in regards to his religion. He did his best to thwart his prosecution but was outmanouvered by a powerful and resourceful inter-governmental system that was determined to have him incarcerated in an american federal penitentiary. For instance he first chose to challenge his extradition to the U.S.A when he was arrigned in a kenyan court in 2014 for extradition hearings. He could neither afford, nor was he given counsel to assist him. He made a verbal request to the court for a subpoena to be served to the lawyer who represented him in his 2010-2012 trial, which was informed by his legal issues in the U.S.A over dreamboard and other child pornography matters. He was aquitted of such charges in kenya and he hoped the lawyer would testify to the fact the extradition pertained to issues related to that 2010-2012 trial and therefore illegal. Petitioners PSI

8 [insert 2]

indicates the trial he faced in Kenya were over issues related to those he faced in the U.S.A (i.e child pornography). However the lawyer never showed up. Since he was held at the Industrial area remand prison In Nairobi he had no knowledge of the change in the sexual offences act that now included child pornography and provided for religious exemption. Prior to this there was no child pornography law and pornography was a misdemeanor under the 'traffic in obscene publications' section of Kenyas penal code. It also provided religious exemption. Meanwhile conditions of his detention included inadequate food, bed bugs and other hygiene issues. It was so bad that petitioner was psycologically pressured to find a way out. He therefore decided to withdraw his challenge to the extradition and hoped to settle matters in the U.S.A. Unfortunatley he was given a lawyer in the U.S.A who was more keen to have him plead guilty than to know the

8 [insert 3]

nature of the charges. Had his U.S counsel informed him that his charges pertained to unprotected and secular speech, unprotected by 1st amendment, and that the 1st amendment also covered religious speech which is protected, it would have triggered a not guilty plea by petitioner and an investigation into the pornography laws of Kenya leading to the discovery of the revised sexual offences act presented in 22-CV-00702.

The government claims, in page 8 of its response, that

> 'frivolous claims he presents would have been available to him within one year of his conviction'.

If the court had not recharacterized his motion, in the form of a letter, for appointment of counsel and the court appointed such counsel to help him compile a 28 USC 2255 then it is

8 [insert 4]

likely that, with counsels help and advice, he would have raised the issues (and exhibits presented in support of his actual innocence claim in 22-CV-00702) within one year of his conviction.

Petitioners prosecution, conviction and imprisonment was not caused by any negligence or misconduct on his part. There was nothing premeditated with a view to going to prison and getting money from the U.S treasury). It was all caused by unjust actions of the U.S government, and the evidence he presents in support of his innocence was unknown to counsel and was not within the reach of petitioners personal knowledge or reasonable investigation until after 16-CV-01273 had been created by the court and over one year after his conviction. See Hancock v Davis 906 F.3d 387, 390 (5th cir 2018). In addittion Ferber v New York does not assert that child pornography cannot be religious.

8 [insert 5]

New York v. Ferber 458 U.S 747 was silent about child pornography that has religious value. It instead asserted that criminal child pornography is that which has no serious literary, artistic, political or scientific value. This would be speech that is not religious because religious speech is protected by the first amendment. Therefore if child pornography is done with a secular motive then it is illegal, but if done with a religious motive, then it is protected. There is nothing frivolous about a claim of actual innocence for religiously motivated child porn. Therefore evidence in support of such claim qualifies for exemption from statutes of limitations barring untimely 28 USC 2255 motions.

Ferber states "Child pornography, like obscenity, is unprotected by the first amendment <u>if it involves scienter and a visual description of sexual conduct by children without serious literary, artistic, political or scientific value.</u>" Emphasis added. Scienter is the criminal intent element of criminal law. Religion has no scienter.

9

In Rodriguez v United States U.S Dist Lexis 19081 (5th Cir 2021) stated

'to meet the actual innocence exeption to limitations, movant must show that, in light of new evidence, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'

In addition it goes on to state

'Actual innocence means factual innocence, not mere legal insufficiency...'

In light of new evidence petitioner presents, i.e the sexual offenses act of Kenya, a juror acting reasonably would not vote to find him guilty because child pornography is legally recognized as a sacrament in his native land therefore it is reasonable to believe his conduct was religious [4] in motivation and therefore subject to the RFRA least restrictive burden which forbids conviction because such conviction would not be the least restrictive burden (at least with regards to the free excercise of his religion in his native land of Kenya). This new evidence of his

[4] Part of petitioners propagation is to make his religious writings available at twitter under the @kundilakhufu account.

10

actual innocence claim is sufficient to overcome the statute of limitations. Section 28 USC 2255 (f) clauses are irrelevant to petitioners claim.

3) Offense conduct is unconstitutional characterization of Petitioner.

The offense conduct on page 3 of governments response was informed by petitioners unconstitutional guilty plea and associated sentencing. The government has not disputed petitioners assertion that his guilty plea was unconstitutional. Petitioner did not engage in secular speech which by nature is unprotected by 1st amendment. He engaged in religious excercise and its associated religious speech which is protected by 1st amendment. Therefore he should not have been convicted and sentenced in the first place.

CONCLUSION

The governments arguments are debatable at best and if adopted would deny petitioner his constitutional right to free excercise of religion in his own native Kenya. Petitioner requests governments response to be dismissed and his motion be considered on its merits, or take other appropriate action. Petitioner also

requests this honorable court grant him permission to expand the record under rule 7 of rules governing section 2255 proceedings. He wishes to include further information showing (1) he did not by negligence or misconduct cause his own prosecution and (2) that goldberg pictures videos were religious speech. They involve a Discovery process, and appointment of counsel. Wherefore petitioner requests this honorable court grant his request.

14th May 2022.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above reply to governments response to petitioners motion for habeas corpus was sent to the United States attorney of record and placed in the prison mailing system on ~~Monday 16th 2022 (May)~~ Tuesday 17th May 2022

It was addressed to

CRISTINA WALKER.
ASSISTANT UNITED STATES ATTORNEY
300 FANNIN STREET, SUITE 3201
SHREVEPORT, LA 71101-3068

Signed.   BRIAN MUSONDA MWANSA.