RECEIVED
MAY 3 1 2022
TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

1/3

ADDENDUM TO SUPPLEMENT.

This pertains to the governments assertion that petitioners RFRA claim is frivolous because his application for second successive 28 USC 2255 was dismissed as wholly frivolous. In Wechsler v Pace, U.S dist LEXIS 11311 (5th cir 2022) the court states

> "A complaint is frivolous if it lacks an arguable basis in law or fact and/or the complaint is based upon an indisputable meritless legal theory."

It goes on to state

> "... a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless"."

Petitioners motion is not frivolous because
1) It has an arguable basis in both law (RFRA) and fact (his religiousity as tested by Meyers which is a legally recognized test of religion).
2) The facts are neither fantastic nor delusional because they are in the bible and his conduct.

In addition, petitioners application for a second successive 28 USC 2255 was invalid because his 16-CV-01273 was not a first 28 USC 2255 for the purpose of applying the rules of second successive motions in subsequent petitions. Petitioner was not obligated to meet the stricter § 2255(h) rules which informed the dismissal of his application for second successive.① The evidence did not have to be 'newly' discovered, but only that it was not presented at trial, because he makes a claim of actual innocence in order to overcome the statutes of limitations that would otherwise render his 28 USC 2255 motion barred as untimely.

Requiring him to meet the standards of § 2255(h) when the court denied him the opportunity to present a proper § 2255 under castro (by warning him about § 2255(h)) would be a manifest injustice and denial of petitioners right to free excercise of his religion in his native land of Kenya (i.e. punishing him for clerks error). 22-CV-00702 is petitioners first proper 28 USC 2255 motion and because its untimely he makes a claim of actual innocence and presents new evidence in support of that claim.

20ᴬ May 2022.

Footnotes for addendum to supplement.

① In re. Smith lexis 30889) U.S App (District of Colombia 1998) the court dismissed as moot petitioners motion for leave to file second or successive motion ' Because movants first § 2255 motion was voluntarily withdrawn, movant need not obtain this courts authorization pursuant to 28 USC § 2244 (b)(3)(4), 2255 to file the instant motion. Cf steward v Martinez - Villarear, 523 U.S 637 (1998), Vancleave v. Norris, 150 F.3d 926 (8th Cir 1998).' A voluntarily withdrawn § 2255 motion is, for the purposes of this argument, similar to a recharacterized-without - Castro - warning § motion such as petitioners in that such § 2255 motion does not qualify as a first § 2255 motion for purposes of applying rules for second or successive motions to any subsequent or future § 2255 motion. Petitioner motions to obtain authorization from 5th circuit court, 28 USC 2244, is moot, and irrelevant.