UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT

10-cr-319-11

RECEIVED
JUL 11 2022
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY

Brian Musomba Maweu
(Petitioner)

V.

Case no 22-CV-00702

United states of America
(Respondent)

2nd SUPPLEMENT TO 22-CV-00702,
MOTION FOR HABEAS CORPUS
28 USC 2255

Here comes petitioner Brian Musomba Maweu presenting his second supplement in response to the governments response to his § 2255 motion. He further addresses the governments allegation that his § 2255 motion is frivolous and second successive, and includes new Supreme Court ruling that supports his petition.

i) 22-CV-00702 IS AMENDED VERSION OF 19-30963.

Further to the governments claim that 22-CV-00702 is second successive, if the 5th circuit appellate court had known that 16-CV-01273 was a recharacterization without Castro

warning, it would have dismissed petitioners application for second successive § 2255 (19-30963) thereby providing petitioner the opportunity to amend his § 2255 since it was crafted with § 2255 (h) in mind. Appellate court lacked jurisdiction Petitioner requests this court to regard 22-CV-00702 as the amended version of his § 2255 presented to the 5th circuit court of appeals, case no 19-30963, albeit untimely. The 5th circuit court had no jurisdiction to make a ruling on 19-30963.

2) EVEN IF PETITIONERS RELIGIOUS BELIEFS SEEM FRIVOLOUS, THEY STILL MERIT 1ST AMENDMENT PROTECTION. ALLEGATION OF FRIVOLOUS IS MOOT

The government makes a claim petitioners motion should be dismissed as frivolous and untimely. Actual innocence claims cannot be based on frivolous information. However, by labeling petitioners religious beliefs as frivolous, the government is in effect finding such beliefs, and evidence thereof, either unacceptable, illogical, inconsistent or incomprehensible. Such finding informed by congressional findings that child pornography is not entitled to protection under the first amendment because of New York v. Ferber, 458 U.S 747 (1982). See Item 1, exhibit 8.

However, such finding by government does not disqualify petitioners religious beliefs from meriting first amendment protection.[1]

"Religious beliefs need not be acceptable, logical, consistent or comprehensible to others in order to merit first amendment protection". See Church of the Lukumi Babalu Aye, 508 U.S at 531, 113 S.Ct at 2226. (1993)

Clearly, congress did not view child pornography as a religious excercise or religious speech. See item 7 and 12 of exhibit 8 attached. However, petitioner presents an international case to this court in which his conduct does not fit the criteria of item 7 and 12 of exhibit 8. Therefore his conduct does not warrant criminal prosecution. Had he been adviced on the true nature of his charges, he would have pled not guilty and presented this RFRA[3] claim at trial. The claim is not frivolous.[2] Petitioner requests court to disregard govt response.

Respectfully Submitted.

June 23rd 2022.

Foot notes

(1) The decision by the government and the 5th circuit court of appeals to label petitioners religious beliefs as frivolous is in conflict with supreme court rulings unless the 5th circuit court was reacting to an absence of legally recognized methods of demonstrating the religiousity of petitioners religious beliefs. In other words, the absence of Meyers test in petitioners motion or elements thereof in petitioners motion that the court may recognize under Meyers. If the 5th circuit was informed by the absence of Meyers material, then its the government that is advicing this court to make a ruling which is in conflict with a supreme court ruling. Congress does'nt intepret law.

(2) The word 'Frivolous' has been legally connected with the words 'fantastic' and 'delusional'. The Oxford American Dictionary and thesaurus (2003) connects the word 'Fantastic' with the words 'unlikely', 'absurd' and 'unbelievable'. However, the Meyers test of religiousity is proof of legal religiousity therefore seperating the frivolous from the legally protected claim of religiousity.

(3) The Religious Freedom Restoration Act applies even to laws of general applicability.

ADDENDUM TO SUPPLEMENT

Since, under Ferber v New York, child pornography that has no scienter is protected by 1st amendment, and religion has no scienter, then it follows that petitioners child pornography was protected by the 1st amendment because it was religious in motivation. His criminal prosecution was not the least restrictive burden. While this court, at sentencing, called petitioner a monster; the real monster was the government because it violated the laws of the united states in order to deny african children their religious liberties and imposed a life sentence on petitioner for daring to teach african children such liberty. Petitioners right to excercise his religious beliefs is further supported by a new supreme court ruling that a defendant can only be held criminally liable if the government can proove criminal intent. See Xiulu Ruan v United States, No 20-1410 June 27th 2022. All the government has shown in petitioners case is that he posted child pornography and possessed the same. In light of RFRA, that in itself is not criminal intent.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing second supplement to petitioners reply to the governments response to petitioners Motion to Vacate sentence § 2255 was sent to the government attourney of record at the following address

CRISTINA WALKER
300 FANNIN ST
SHREVEPORT, LA 71101-3068

and put into the Tucson United States Penitentiary prison legal mail system on 7th July 2022



BRIAN MUSOMBA MAWEU.