UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00319-11 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRIAN MUSOMBA MAWEU | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Brian Musomba Maweu ("Maweu"). See Record Document 1032. The United States of America ("the Government") opposes the motion. See Record Document 1047. Maweu filed a reply, a supplemental reply, and a second supplemental reply to the Government's opposition. See Record Documents 1049, 1051, & 1055. For the reasons set forth below, Maweu's motion is **DENIED**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On April 9, 2015, Maweu pleaded guilty to Count 1 of a fourth Superseding Indictment (Record Document 506) for engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g). See Record Document 824. On September 28, 2015, this Court sentenced Maweu to life in prison, followed by a lifetime term of supervised release. See Record Document 835. On September 9, 2016, the United States Court of Appeals for the Fifth Circuit affirmed Maweu's conviction and sentence. See Record Document 869. Maweu did not file a petition for writ of certiorari with the United States Supreme Court. See Record Document 1032 at 2.

On September 8, 2016, Maweu filed a Motion to Vacate under 28 U.S.C. § 2255, followed by a memorandum in support of the motion on September 22, 2016. See Record

1

Documents 870 & 872. After additional filings from both the Government and Maweu, this Court denied the motion on September 11, 2019. See Record Documents 961 & 962. While his first Section 2255 motion was still pending, Maweu filed a request for authorization to file a successive Section 2255 motion in the Fifth Circuit, which was denied as premature on August 24, 2018. See Record Document 1047 (Ex. A).

On December 16, 2019, the Fifth Circuit denied Maweu's second motion for leave to file a successive Section 2255 motion. See Record Document 1047 (Ex. B). As the Fifth Circuit states in its *per curiam* opinion, Maweu argued that "pedophilia is part of the moral order of his asserted faith, Edenism, and that his conviction and sentence therefore constitute religious persecution." See id. The Fifth Circuit denied Maweu's motion for failure to make the requisite showing under Section 2255(h). See id.

On March 11, 2022, Maweu filed the instant Section 2255 motion to vacate, set aside, or correct sentence. See Record Document 1032. Here, Maweu argues the same grounds he raised in his second motion for leave with the Fifth Circuit—namely, that he "is actually innocent" under the Religious Freedom Restoration Act ("RFRA"), that his counsel was ineffective for failing to raise this argument, and that his guilty plea was not knowingly made because he misunderstood the law as it relates to the facts. See id. at 4, 5. In his supporting memorandum, Maweu also contends that his first Section 2255 motion was treated as a Section 2255 motion without the Court first giving Maweu a Castro warning, explaining that his filing would be treated this way. See Record Document 1032-1 at 1.

In its opposition, the Government asserts two grounds for the denial of Maweu's petition: (1) this Section 2255 motion is a second or successive motion, filed without a

certification from the Fifth Circuit; and (2) even if the motion is not a second or successive motion, it is untimely. See Record Document 1047.

## LAW AND ANALYSIS

### I. Legal Standards

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting United States v. Frady, 102 S. Ct. 1584, 1592 (1982)). Relief under Section 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Section 2255 is not a substitute for direct appeal. See United States v. McGrew, 397 Fed. Appx. 87, 91 (5th Cir. 2010). Indeed, if a claim is not raised on direct appeal, a Section 2255 movant "may not raise it on collateral review unless he shows cause and prejudice or that he is actually innocent." Scruggs, 691 F.3d at 666 (citation omitted). Issues raised and settled on direct appeal are also not cognizable in a Section 2255. See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986); United States v. Fields, 761 Fed. Appx. 443, 466 (5th Cir. 2014).

Further, where a petitioner desires to bring a second or successive Section 2255 motion, the petitioner must first obtain a certificate from the appellate court in order to file. See 28 U.S.C. § 2255; 28 U.S.C. § 2244; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (discussing "second or successive"); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (holding that district court did not have jurisdiction to consider successive Section 2255 absent authorization from court of appeals); Hooker v.

Sivley, 187 F.3d 680, 682 (5th Cir. 1999) (holding that § 2241 motion was a successive § 2255 motion which the district court did not have jurisdiction to consider without prior authorization from court of appeals).

Additionally, the statute of limitations for Section 2255 filings is one year. See 28 U.S.C. § 2255(f). It begins to run from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The statute of limitations for Section 2255 is not a jurisdictional bar, and thus is subject to equitable tolling. See United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). However, equitable tolling is only appropriate in "rare and exceptional circumstances." Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002). It "is not intended for those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).

## II.  Analysis

### a.  Second or successive Section 2255 motion

The Government first argues that Maweu's Section 2255 motion pending before the Court is a second or successive motion, yet Maweu did not receive certification from the Fifth Circuit to file it. See Record Document 1047 at 3. Maweu responds that the current motion is not successive because the Court should not have converted his filing

4

into a Section 2255 motion without first giving a Castro warning. See Record Document 1032-1 at 1; see also Castro v. United States, 540 U.S. 375, 383 (2003). This Court agrees with the Government that Maweu's motion is a second or successive Section 2255 motion, and thus Maweu was required to receive certification from the Fifth Circuit before filing with this Court.

The Castro warning applies where federal courts "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Castro, 540 U.S. at 381. Thus, the Castro rule applies to cases in which the litigant's filing does not bear the label of a Section 2255 motion and yet is recharacterized by the district court as a Section 2255 motion. See United States v. Cisneros, 755 F. App'x 422, 424 (5th Cir. 2019) (finding that a district court should have provided a defendant with a Castro warning before recharacterizing as Rule 60(g) as a Section 2255 motion).

That is not the case here. As the Government points out in its response:

> The defendant's post hoc assertions that he did not file a § 2255 motion are not supported by the record. He referred to the document that he filed as a § 2255 motion. (Rec. Doc. 870). The memorandum was labeled as pertaining to a § 2255 motion and submitted in the pre-printed form for § 2255 motions. (Rec. Doc. 872). In the numerous letters he sent to the Court, he referred to the motion as "my § 2255 motion." (Rec. Docs. 873-2, 879, 897, 900, 908, 931). In one letter, he stated that "my motion is to correct a sentence, not to vacate or set aside." However, there is no indication that he was not pursuing relief under § 2255, and in later correspondence and filings, he continued to refer to § 2255. (Rec. Doc. 874). In responses to the government's answer, he referred to his motion as "my § 2255 motion." (Rec. Docs. 895, 896, 903, 907).

5

See Record Document 1047 at 6. This Court agrees with the Government's synopsis of the facts and characterization of Maweu's filings. Despite Maweu's current arguments, he consistently referred to his first motion as a Section 2255 motion and never objected to such a characterization. Even further, while his first motion was pending, Maweu filed a request for authorization to file a successive Section 2255 motion with the Fifth Circuit. See Record Document 1047 (Ex. A). Subsequently, he filed a second request for certification of a successive Section 2255 motion with the Fifth Circuit, which was also denied. See Record Document 1047 (Ex. B). Thus, this was not a situation where the Court incorrectly labelled Maweu's motion without notice. Maweu's motion is therefore **DENIED WITHOUT PREJUDICE**, such that Maweu can seek a request for certification from the Fifth Circuit before filing another Section 2255 motion.

  b. Statute of limitations

The Government further argues that, even if Maweu's motion was not successive, it is untimely and must be dismissed. See Record Document 1047 at 7. In response, Maweu asserts generally that his claim is not frivolous and that new evidence justifies tolling of the limitations period. See Record Document 1049 at 9–10. This Court agrees that Maweu's motion is untimely and therefore would deny with prejudice Maweu's motion even if the motion was not successive.

As noted above, the statute of limitations for Section 2255 motions is one-year, running from the latest of four possible events. See 28 U.S.C. § 2255(f). As the Government points out, Maweu's conviction became final ninety days after the time for timely filing a petition for writ of certiorari with the United States Supreme Court expired. See United States v. Gamble, 208 F.3d 536, 537 (5th Cir. 2000) (concluding that where

defendant seeks appellate review, conviction becomes final upon the expiration of defendant's time for filing a timely petition for certiorari (ninety days)). Thus, Maweu's conviction became final ninety days after September 9, 2016, the day that the Fifth Circuit affirmed his conviction—Maweu did not seek a petition for writ of certiorari with the Supreme Court. See Record Document 869. Such deadline has since passed, and Maweu has not established grounds for the other provisions of Section 2255(f) to apply. Thus, this Court finds that Maweu's motion is untimely and would therefore **DENY** Maweu's motion, even if it was not successive.

## CONCLUSION

For the stated reasons, Maweu's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts. Unless a certificate of appealability issues, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2255(c)(2).

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this <u>3rd</u> day of <u>January</u>, 2023.

S.MAURICE HICKS, JR., DISTRICT JUDGE<br>
UNITED STATES DISTRICT COURT